WILLARD RICHMOND *vs.* JACOB STAHLE.

The record of a judgment in a summary process for the recovery of leased premises by *A* against *B*, is conclusive evidence against *B* and his grantees that he was in possession at the time as the tenant of *A*.

And proof that he was in such possession up to the boundary line of the demised premises.

The possession of a tenant is the possession of the landlord.

The court below ruled out certain evidence offered by the defendant and he moved for a new trial. The plaintiff claimed that he had made such admissions on the trial that the exclusion of the evidence had done no harm to the defendant. Held that it must appear clearly in such a case that no harm has been done by the ruling, and that the admissions must have covered all that was important in the evidence rejected.

EJECTMENT; brought to the Superior Court in New London County, and tried to the jury before *Pardee, J.* Verdict for the plaintiff, and motion for a new trial by the defendant. The case is sufficiently stated in the opinion.

*S. Lucas* and *A. B. Crafts*, in support of the motion.

*A. C. Lippitt*, contra.

PARK, C. J. On the trial of this cause in the court below the defendant claimed, and offered evidence to prove, that his grantors and himself had been in the open, visible and exclusive possession of the premises in dispute from the first day of April, 1858, to the time of trial, claiming title. It appeared in evidence that during some portion of this time one of the plaintiff's grantors had occupied part of the premises in dispute, and in order to explain the occupancy and show that it was consistent with the exclusive possession of the premises by the defendant and his grantors, the defendant offered evidence to prove that such occupancy occurred while the grantor of the plaintiff was the tenant of the defendant; and in connection with other evidence bearing upon the subject, the defendant offered in evidence a copy of the record of an action of summary process brought by him against this grantor of the plaintiff, in which action judgment was rendered for him to recover possession of the

premises in dispute, and further showing that he was put into possession of the premises on the 13th day of March, 1877, by the officer serving the execution which issued thereon. The evidence was offered as conclusive proof of possession of the premises in dispute up to a certain line, during some portion of the time in controversy. The plaintiff objected to the admission of the evidence, and the court excluded it.

We think the court erred in this. The record of the proceedings in summary process was not offered to show title to the premises in the defendant, but to explain the occupancy of the premises by the grantor of the plaintiff. The defendant claimed title to the premises in dispute by adverse possession. He insisted that his grantors and himself had been in adverse possession since the first day of April, 1858, and that consequently they had established a good title to the same. It is necessary to the acquisition of title by adverse possession that the continuity of such possession should not have been broken during the requisite statutory period. If the continuity has been broken for even the shortest time the title fails. Hence it was all important for the defendant to show that the occupancy by the grantor of the plaintiff did not break the continuity of the defendant's adverse possession. This he attempted to do by the record of the proceedings in summary process, which showed that the grantor of the plaintiff who thus occupied the premises was the tenant of the defendant. Possession by a tenant is possession by the landlord; this is well established law. Hence if the defendant could establish this relation between himself and this grantor of the plaintiff, the continuity of his adverse possession of the premises would not be broken. The action of summary process cannot be maintained unless the relation of landlord and tenant exists between the parties; nor unless the tenant is holding over the term of his tenancy. It follows that as the action was maintained and went into judgment it was evidence of the existence of both these facts, and as such evidence it should have been received.

But it is said that the defendant offered the record as conclusive proof of possession of the premises by him up to a

certain line, during the period of tenancy. The line stated was doubtless the line found by the court in giving judgment in that action as the boundary of the demised premises, and up to which the grantor of the plaintiff had occupied as tenant during the period of tenancy. We think it is clear that the record was conclusive evidence of the existence of this fact, and should have been so received. The record was conclusive evidence of the relation of landlord and tenant between the parties, and of the possesion of the landlord by the possession of the tenant. It was also conclusive evidence of such possession up to the boundaries of the demised premises.

But it is said that the plaintiff admitted on the trial that his grantor had occupied the premises as tenant under a lease from the defendant, and that the defendant took possession of the premises on the 13th day of March, 1877; and that consequently the ruling of the court rejecting the offered evidence could have done the defendant no harm.

It appears that the proceedings in summary process were commenced on the 5th day of January, 1877; at which time therefore the tenancy must have already expired, and the tenant have been holding over his term. It further appears that the case was pending in court till the 13th day of March, 1877, when judgment was rendered and execution issued; from which it follows that during all this time the relation of landlord and tenant existed between the parties. It further appears by the execution and the officer's return upon it, that at the last mentioned date the tenant was ejected from the possession of the premises by due process of law, and the defendant lawfully restored to the actual possession.

It is easy to see that the admission of the plaintiff on the trial is not co-extensive with what the record would have proved. It is not stated in the admission when the plaintiff's grantor was tenant of the defendant, nor for how long a term. The admission would be satisfied with a tenancy at any time, and for the shortest period. It does not state how the defendant took possession. For aught that appears he might have done so by force, and might have been soon after

ejected by the plaintiff.    We think it clear that the admission does not cure the error of the court on the ground that no injustice could have been done by the ruling.    It must appear clearly that no such harm could have been done.

A new trial is advised.

In this opinion the other judges concurred.