ANNA BARTOSIEWICZ v. TOWN OF HARTFORD ET AL.

SUPERIOR COURT      HARTFORD COUNTY      FILE No. 76338

Memorandum filed November 8, 1946.

*Frank A. Francis,* of Hartford, for the Plaintiff.

*Samuel H. Aaron, William J. Galvin, Jr., Woodhouse & Schofield, Pelgrift, Blumenfeld & Nair,* all of Hartford, for the Defendants.

CORNELL, J. Among others, Albert Dow, Belle Dow and Dominick D. Ferrone are named as defendants in this action. They are described as residents of the city of New York. The cause stated in the complaint is one for recovery for injuries sustained by plaintiff and a personal judgment in damages is sought. The action is returnable to this court and was returned on the first Tuesday of May, 1946. No attachment of prop-

erty in which any of the named defendants had an interest was made. Of the three mentioned defendants, no service was made, and none authorized in substituted form, on two, namely, Belle Dow and Dominick Ferrone. As respects the third (Albert Dow) constructive service on him was ordered by an assistant clerk of this court, by registered mail directed to him at 1619 Broadway, New York City.

Jurisdiction over a nonresident in an action in personam cannot be obtained in the absence of actual service upon or notice to him within the jurisdiction where the process is issued or upon someone authorized to accept service in his behalf therein unless he waives these requirements. 42 Am. Jur. 63, §73; *Turkington* v. *First National Bank*, 97 Conn. 303, 307; *Coyne* v. *Plume*, 90 Conn. 293, 297; *Barber* v. *Morgan*, 84 Conn. 618, 620; *Smith* v. *Gilbert*, 71 Conn. 149. Since the record reveals no service at all upon two of the named defendants and substituted service on the third outside of Connecticut, no jurisdiction over any of them had been obtained when the action was returned to court.

The rule concerning jurisdiction over nonresident defendants in actions in personam is qualified by another to the effect that the attachment of property in this jurisdiction of such persons, even when service is not made upon such a defendant within this state, converts the cause to one quasi in rem to the extent that the property so attached may be appropriated to the satisfaction of any judgment that may be rendered against such nonresident. *Artman* v. *Artman*, 111 Conn. 124, 130; *Barber* v. *Morgan*, supra, 620; *Coyne* v. *Plume*, supra, 297. Plaintiff sought to come within this principle by procuring and serving on October 8, 1946, a writ of supplemental attachment under the authority of General Statutes, § 5758, in accordance with which an attachment was purported to be perfected on real property in this state in which each of the three defendants mentioned had an interest. By express provision of the statute (§ 5758) such an attachment is effective only if it is made "at any time during (the) pendency" of the action incident to which it is ordered. It was ineffective in the instant case because, as noted supra, no action pended against any of the three named defendants for lack of service upon them, nor did the issuance and service of the supplemental writ of attachment have the effect of converting the cause to one quasi in rem as of the date of its service.

An attachment is no part of the original process necessary to the commencement of an action, which latter consists of the issuance and service of a summons and complaint. General Statutes, §5504; *Galvin* v. *Birch,* 97 Conn. 399, 400. It is merely ancillary to the cause described in the complaint; 7 C. J. S. 187, § 2 (2); and cannot affect the judgment to be rendered thereon. *Metropolis Mfg. Co.* v. *Lynch,* 68 Conn. 459, 471. Its purpose is to induce the appearance of the defendant and to furnish security for the satisfaction of any judgment that may be rendered. *Coit* v. *Sistare,* 85 Conn. 573, 577. The service of a writ of attachment unaccompanied by a summons or complaint is a nullity. *Galvin* v. *Birch,* supra, 401.

The service of the supplemental attachment, even though accompanied by a summons, cannot, in view of these principles, be regarded as the equivalent of the commencement of an action against the named defendants and, as there was no valid service made on any of them when the cause was commenced, was ineffectual to confer jurisdiction in this court. ·

The motion to erase is granted.