FANNIE R. SHAFTEL v. MORRIS SHAFTEL

COURT OF COMMON PLEAS    NEW HAVEN COUNTY    FILE NO. 39772

Memorandum filed October 1, 1948.

*Harry Koletsky*, of New Haven, for the Plaintiff.

*Carl A. Lundgren*, of Ansonia, for the Defendant.

FITZGERALD, J.   This case comes before the court on a writ of error from a judgment for the defendants in error (plaintiffs below) in a summary process action made returnable to and tried before *Kornblut, J.*, a justice of the peace in Ansonia.

Plaintiff in error (defendant below) claims that the judgment in the justice court is erroneous on two grounds: (1) She was not accorded a jury trial pursuant to her motion; (2) the agreed stipulation of facts upon which the case was submitted to the justice does not support in law judgment for possession because the relationship of landlord and tenant did not exist between the parties.

As to the first ground of error, the record disclosed that plaintiff in error complied with the statute (General Statutes §5973) in moving for a jury trial. Hence it was the duty of the justice to summon a jury for that purpose; and it was the statutory right of plaintiff in error to insist that this be done and to refuse a trial other than a jury trial. It appears from the record, however, that plaintiff in error agreed to have the hearing go forward before the justice sitting without a jury on an agreed stipulation of facts.

"A waiver is a voluntary relinquishment of a known right." *Dexter Yarn Co.* v. *American Fabrics Co.*, 102 Conn. 529, 555. On this record the court is constrained to hold that plaintiff in

error waived a jury trial. The better practice would have been to have the waiver in writing and part of the record. But not to do so is not fatal. The first ground of error is overruled.

As to the second ground of error, the action of summary process is a special statutory proceeding; *Atlantic Refining Co.* v. *O'Keefe,* 131 Conn. 528, 530; and as such the relationship of lessor and lessee or landlord and tenant must have existed between the parties. *Webb* v. *Ambler,* 125 Conn. 543, 550 and cases cited; and see *Richmond* v. *Stahle,* 48 Conn. 22, 23.

The agreed stipulation of facts is barren of any recital warranting the legal conclusion of the relationship of lessor and lessee or landlord and tenant between the parties. Hence judgment for possession cannot be sustained on the record.

The second ground of error is sustained. Judgment may enter setting aside the judgment in the court below.