This case comes before the court on a writ of error from a judgment for defendant in error (plaintiff below) in a summary process action made returnable to and tried before Varrone, J., a justice of the peace in New Haven.
Plaintiff in error (defendant below) claims that the judgment in the justice court is erroneous on the facts appearing in the record. That record is not as detailed as it might have been. It does appear therein, however, that the relationship between defendant in error and plaintiff in error was that of employer and employee; and that the living quarters involved are on the premises of the employer. In argument both counsel were in agreement that the nature of the services rendered by plaintiff in error to defendant in error before his discharge was that of janitor.
In Connecticut the action of summary process is a special statutory proceeding; Atlantic Refining Co. v. O'Keefe,131 Conn. 528, 530; and as such the relationship of lessor and lessee or landlord and tenant must have existed between the parties.Webb v. Ambler, 125 Conn. 543, 550 and cases cited; and seeRichmond v. Stahle, 48 Conn. 22, 23.
The facts appearing of record disclose that the relationship between the parties was essentially that of employer and employee, and the living quarters but incidental thereto. That the occupancy by plaintiff in error of the living quarters may have constituted part of the consideration of his services as janitor does not effect the status between the parties. See discussion of the law on this subject in Guiel v. Barnes, 100 Conn. 737; and compare the situation considered in Lewis v. Kellogg,14 Conn. Sup. 359.
The court is of the opinion that defendant in error misconceived its remedy and that the record does not support judgment for possession in an action of summary process.
 Judgment may enter reversing the judgment in the court below.