THE SEABOARD BURNER CORPORATION *v.* MARY DELONG

BALDWIN, DALY, KING, MURPHY and MELLITZ, Js.

Argued April 2—decided May 13, 1958

*T. Holmes Bracken,* for the appellant (plaintiff).

*William T. Holleran,* with whom was *Herbert D. Fischer,* for the appellee (defendant).

DALY, C. J. The plaintiff brought this action to recover the price of goods sold and its charge for service rendered. The court rendered judgment for the defendant. From that judgment the plaintiff has appealed.

The court found the following facts: On May 3, 1945, the plaintiff was engaged in the business of selling and installing hot-water heaters. On that date the defendant ordered, and the plaintiff installed in her premises, a heater for which she agreed to pay $367.84. On May 10, 1945, the plaintiff submitted to the defendant a bill of $381.90 for the installed heater, $14.06 more than the agreed price, and demanded that the defendant and her husband then pay $127.30, or one-third of $381.90, and execute a promissory note for $267.33, the total of $254.60, or two-thirds of $381.90, and $12.73, interest for one year on $254.60. The defendant and her husband refused to make the demanded down payment and to sign the note, claiming that they were being overcharged. On March 3, 1946, the plaintiff serviced the heater, and the charge for it was $3. On that date and on May 1, 1946, the plaintiff billed the defendant in the amount of $370.84, the total of the agreed price of the installed heater, $367.84, and $3, the service charge. After May 3, 1945, the defendant did not promise to pay the plaintiff for the installed heater,

and after March 3, 1946, she made no promise to pay the charge for the service rendered on that day. The defendant made no payment to the plaintiff.

The writ and complaint, dated August 22, 1952, was served on the defendant on August 25, 1952. The defendant, in her answer, denied the allegations contained in the complaint, and in a special defense she averred that the debt was barred by the Statute of Limitations. The plaintiff, in its reply to the special defense, alleged that the defendant had within six years prior to the date upon which the action was brought made repeated promises to pay the plaintiff. The defendant denied this allegation. The plaintiff now admits that there was no evidence to support the affirmative allegation contained in its reply.

The court concluded that the burden of proving facts sufficient to remove the bar of the Statute of Limitations was upon the plaintiff; that the cause of action to recover the agreed price for the installed heater accrued on May 3, 1945; that the cause of action for the recovery of the charge for servicing the heater accrued on March 3, 1946; that after May 3, 1945, there was no unequivocal acknowledgment by the defendant of the debt due for the heater; that after March 3, 1946, there was no unequivocal acknowledgment by the defendant of the debt due for servicing the heater; and that the debts were barred by the Statute of Limitations.

The plaintiff maintains that the court erred in reaching its conclusions. Section 8315 of the General Statutes provides that "[n]o action for an account, or for a debt due by book to balance book accounts, or on any simple or implied contract . . . shall be brought but within six years next after the right of action shall accrue." The date of service of the writ

upon the defendant was August 25, 1952. "From a very early date in this state the time when the action is regarded as having been brought is the date of service of the writ upon the defendant." *Consolidated Motor Lines, Inc.* v. *M & M Transportation Co.,* 128 Conn. 107, 109, 20 A.2d 621. The plaintiff did not bring this action within six years from the time the rights of action accrued. The six-year period for bringing an action to recover the agreed price of the installed heater expired on May 3, 1951, and the time for instituting suit to recover the amount of the service charge expired on March 3, 1952. The defense created by § 8315 could have been lost by an unequivocal acknowledgment of the debt, such as a new promise, an unqualified recognition of the debt, or a payment on account. *Wells* v. *Carson,* 140 Conn. 474, 476, 101 A.2d 297. As shown by the finding, there was no unequivocal acknowledgment of either debt after its creation. The plaintiff's claim that the time for payment was delayed by "the course of dealing between the parties," under the provisions contained in § 6687, and that, consequently, there was an extension of time for bringing the action is without merit and requires no further discussion. The trial court did not err in concluding that the right to recover was barred by § 8315.

At the trial the judge did not call in a stenographer to take the evidence. Neither the plaintiff nor the defendant requested him to do so, and neither of them objected to proceeding without a stenographer. After judgment was rendered, the plaintiff filed a motion requesting that "the case be reheard, that the judgment be reopened, and that a stenographer be present to prepare a transcript of the evidence." The motion was denied. The plaintiff contends that

the court erred in denying the motion. Section 7591 makes it mandatory upon the judge of any municipal court having civil jurisdiction to call a stenographer to act in every civil action in which an appeal lies directly to the Supreme Court of Errors unless all the parties stipulate to the contrary. Failure to comply with § 7591 is reversible error. To take advantage of the error, however, an appellant must have made at the trial an objection to proceeding without a stenographer and obtained a ruling upon the objection. In the absence of such an objection and ruling, this court will not reverse the judgment on the ground that the statute has not been complied with. *Bisi* v. *American Automobile Ins. Co.*, 137 Conn. 424, 431, 78 A.2d 533. The trial court did not err in denying the plaintiff's motion.

There is no error.

In this opinion the other judges concurred.