[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
On June 3, 1994, the plaintiff, Erik S. Young, filed a two count complaint against the defendant, David Mukon. In his complaint, the plaintiff alleges the following: On or about December 1, 1985, the defendant requested the services of the plaintiff, a duly licensed attorney. The plaintiff undertook and performed these services, valued at $19,203.34; only $3,612.60 of this sum has been paid. On or about April 15, 1992, the plaintiff commenced an action against the defendant in the Superior Court for the District of Hartford/New Britain at Hartford, docket number CV-92-0510978S [1992 proceeding]. On December 10, 1993, the 1992 proceeding was dismissed, pursuant to Practice Book § 251, for failure to prosecute with due diligence.
In the first count of the complaint, the plaintiff seeks the quantum meruit value of his services and asserts that the dismissal of the 1992 proceeding was a failure "for any matter CT Page 11208-R of form" and that the present action is brought pursuant to General Statutes § 52-592, the accidental failure of suit statute. In the second count of the complaint, the plaintiff alleges that the defendant orally agreed to pay for the plaintiff's services, and that the defendant's refusal to pay for those services amounts to a breach of contract. As in the first count, the plaintiff asserts that General Statutes § 52-592
governs the present action.
On July 26, 1994, the defendant filed a motion to dismiss the present action for lack of subject matter jurisdiction; this motion was accompanied by a memorandum of law, the affidavit of the defendant, and several other exhibits. On August 15, 1994, the plaintiff filed a substitute memorandum of law in opposition to the motion to dismiss. On that same date, the defendant filed a supplemental memorandum of law in support of the motion to dismiss as well as a motion to strike the plaintiff's substitute memorandum of law in opposition to the motion to dismiss. In addition, on August 15, 1994, the defendant filed a certified copy of the entire court file entitled Young v. Mukon, docket number CV-91-07802402S [1991 proceeding].
A motion to dismiss "properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Citation omitted; emphasis omitted; internal quotation marks omitted.) Gurliacci v. Mayer,218 Conn. 531, 544, 590 A.2d 914 (1991). In deciding motions to dismiss, the complaint is "construed [by the trial court] most favorably to the plaintiff." American Laundry Machinery, Inc.v. State, 190 Conn. 212, 217, 459 A.2d 1031 (1983). "Where[, however,] the motion is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue and need not conclusively presume the validity of the allegations of the complaint." Barde v. Board of Trustees, 207 Conn. 59, 62,539 A.2d 1000 (1988).
Preliminarily, it is important to note that, "as a formal matter, a motion to dismiss may not be the proper procedural vehicle for asserting that an action is not saved by section52-592. The savings statute is essentially an extension of, and by implication a response to, a statute of limitations defense." Lovett v. Frankel, 5 Conn. L. Rptr. 397, 398 CT Page 11208-S (1992) (Schaller, J.); see Ross Realty Corp. v.Surkis, 163 Conn. 388, 393, 311 A.2d 74 (1972). The presence of a statute of limitations defense does not deprive a court of subject matter jurisdiction, therefore "[s]uch a defense ordinarily is raised either by a motion to strike or by a motion for summary judgment." Lovett v. Frankel, supra. This issue, however, has been decided on a motion to dismiss in a number of superior court cases. See, e.g., Jonas v. Unsmoke,4 Conn. L. Rptr. 137 (1991) (Maloney, J.); Lee v.Phillips, 4 CSCR 43 (1988) (Corrigan, J.). But see Restreps v. Larson, 4 CSCR 232 (1989) (Aronson, J.); Wilson v. G. Fox Co., 4 CSCR 233 (1989) (Aronson, J.) (applicability of accidental failure of suit statute not properly raised on a motion to dismiss). In the present case, however, the plaintiff has not objected to the motion to dismiss on this ground. Accordingly, the court will decide, on the merits, the motion to dismiss presently before it.
In the memorandum of law in support of the motion to dismiss, the defendant asserts that the court lacks subject matter jurisdiction in the present case because the plaintiff failed to commence the present action within one year of the determination of the 1991 proceeding, as mandated by General Statutes § 52-592. In support of the motion, the defendant has submitted his own affidavit, in which he attests to the fact that the 1991 proceeding was commenced, that it was brought for the same cause as both the present action and the 1992 proceeding, bearing the docket number CV-91-0702402S, and that the 1991 proceeding was dismissed for failure to prosecute with reasonable diligence on December 11, 1992. The defendant argues that, because the present action was commenced on April 16, 1994, over sixteen months after the 1991 proceeding was dismissed for failure to prosecute, the plaintiff's case is not preserved by the accidental failure of suit statute, General Statutes § 52-592. The defendant further argues that, because the 1991 proceeding was subject to dismissal for failure to prosecute with due diligence pursuant to Practice Book § 251, the 1991 proceeding was an "action."
The 1991 proceeding, a copy of which was submitted by the defendant in support of his motion to dismiss, contains a court notice, dated December 2, 1991, which indicates that the court, O'Neill, J., refused to decide the application for CT Page 11208-T prejudgment remedy because the court "[n]eed[ed] [a] much better affidavit" in order to do so. In addition, the copy of the 1991 proceeding contains, inter alia, the affidavit of the plaintiff, filed on November 14, 1991, upon which appears the hand written docket number CV-91-07024022, and an appearance filed by the law firm of Sherwood Twachtman, of Glastonbury, Connecticut, dated November 18, 1991, on behalf of the defendant, David Mukon.
In opposition to the motion to dismiss, the plaintiff argues that the 1991 proceeding was not an "action" that was "commenced." Specifically, the plaintiff asserts that the 1991 proceeding merely consisted of the plaintiff's filing of an application for a prejudgment remedy. The plaintiff asserts that he could not commence any action against the defendant without the approval of the court because he sought an attachment. Because this application was not granted, the plaintiff argues, no "action" was commenced "because no writ and summons were issued."
General Statutes § 52-592, entitled "Accidental failure of suit; allowance of new action," provides, in pertinent part:
 (a) If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits . . . for any matter of form . . . the plaintiff . . . may commence a new action, except as provided in subsection (b) of this section, for the same cause at any time within one year after the determination of the original action . . . .
(Emphasis added.).
In Pintavalle v. Valkanos, 216 Conn. 412, 581 A.2d 1050
(1990), the court addressed the meaning of the term "original action" as used in General Statutes § 52-592(a) Pintavalle v.Valkanos, supra, 216 Conn. 415. The court held that "under the provisions of § 52-592(a) `original action' means the first action filed within the time allowed by the applicable statute of limitations." (Emphasis added.) Id., 419.
The crucial determination for this court is whether the plaintiff's 1991 filing of an application for a prejudgment CT Page 11208-U remedy attachment constitutes the commencement of an "action" for the purposes of General Statutes § 52-592.
General Statutes § 52-45a provides, in part, that "[c]ivil actions shall be commenced by legal process consisting of a writ of summons or attachment, describing the parties, the court to which it is returnable, the return day and place for the filing of an appearance. The writ shall be accompanied by the plaintiff's complaint. . . ."
Generally, an "action" is "commenced not when the writ is returned but when it is served upon the defendant." (Citations omitted.) Broderick v. Jackman, 167 Conn. 96, 99,355 A.2d 234 (1974); see Lacasse v. Burns, 214 Conn. 464, 475,572 A.2d 357 (1990) ("`[T]he time when the action is regarded as having been brought is the date of service of the writ upon the defendant.'"); Seaboard Burner Corporation v. DeLong,145 Conn. 300, 303, 141 A.2d 642 (1958); Valley Cable Vision, Inc.v. Public Utilities Comm., 175 Conn. 30, 34, 392 A.2d 485
(1978) ("In Connecticut, an action is commenced on the date of service of the writ upon the defendant."); Howard v.Robertson, 27 Conn. App. 621, 625, 608 A.2d 711 (1992) ("`It is well settled that an action is brought on the date on which the writ is served on a defendant.'"). However, the cases cited above, in reference to General Statutes § 52-45a do not reference the accidental failure of suit statute, General Statutes § 52-592. A search of Connecticut statutes and cases, at both the superior court and appellate levels, does not reveal what constitutes an action within the scope of General Statutes § 52-592.
General Statutes § 52-278a(d) defines "prejudgment remedy" as "any remedy or combination of remedies that enables a person by way of attachment, foreign attachment, garnishment or replevin to deprive the defendant in a civil action of, or affect the use, possession or enjoyment by such defendant of, his property prior to final judgment . . . ." The defendant has a right to appear at a hearing on the prejudgment attachment, the purpose of which "shall be limited to a determination of whether or not there is probable cause to sustain the validity of the plaintiff's claim." General Statutes § 52-278d(a).
"The application for prejudgment remedy is to provide, in part, that the plaintiff is about to commence an action
CT Page 11208-V against [the defendant] . . . pursuant to the attached proposed unsigned Writ, Summons and Complaint and Affidavit. . . ." (Emphasis added; internal quotation marks omitted.)Howard v. Robertson, supra, 27 Conn. App. 625. "An attachment is no part of the original process necessary to the commencement of an action, which latter consists of the issuance and service of a summons and complaint." (Citations omitted.) Bartosiewicz v. Town of Hartford, 14 Conn. Sup. 357,359 (1946). "It is merely ancillary to the cause described in the complaint . . . and cannot affect the judgment to be rendered thereon." (Citations omitted.) Id. The purpose of an attachment "is to induce the appearance of the defendant and to furnish security for the satisfaction of any judgment that may be rendered." Id., citing Coit v.Sistare, 85 Conn. 573, 577, 84 A. 119 (1912). Moreover, inHoward v. Robertson, supra, 27 Conn. App. 627, the Connecticut Appellate Court stated that "prejudgment remedy documents are not the equivalent of the writ necessary pursuant to General Statutes 52-45a . . . . [and] the application for prejudgment remedy, together with the documents that accompany it, do not commence an action."
In support of the motion to dismiss, the defendant also cites Young v. Margiotta, 136 Conn. 429, 433, 71 A.2d 924
(1950), for the proposition that the voluntary appearance filed on behalf of the defendant in the 1991 proceeding signified the commencement of an "action." Specifically, the defendant focuses on the court's statement in Young that
 [o]rdinarily, the time of bringing an action is the date when the writ is served on the defendant. . . . In such a case the service of the garnishment does not begin the action; that occurs only when the defendants are brought within the jurisdiction of the court by service of a writ upon them or by their voluntary appearance.
(Citations omitted; internal quotation marks omitted; emphasis added.) Id. In Rule v. Rule, 6 Conn. App. 541, 506 A.2d 1061
1986), the Connecticut Appellate Court stated that
 "[t]he term `appearance' is used [to] designate the overt act by which one against whom suit has been commenced submits himself CT Page 11208-W to the court's jurisdiction. . . ." Am.Jur.2d, Appearance 1. A party may make a formal appearance in an action by giving written notice of his appearance; see Practice Book 64; . . . or by "implication from the defendant's seeking, taking, or agreeing to take some step or proceeding in the cause, beneficial to himself or detrimental to the plaintiff or from some act done with the intention of appearing and submitting to the court's jurisdiction." 5 Am.Jur.2d, Appearance 14; see Beardsley v. Beardsley, 144 Conn. 725, 729-30, 137 A.2d 752 (1957) . . . . (Citations omitted.) Id., 544-45.
The defendant's reliance on Young is misplaced. In Young, the Connecticut Supreme Court plainly stated that "the service of garnishment does not begin the action . . . ." Young v. Margiotta, supra,136 Conn. 433. The court finds that the filing of an appearance in the context of prejudgment remedy proceedings does not render the proceedings an "action" for the purposes of the accidental failure of suit statute. The case law makes clear that prejudgment remedy proceedings are separate and distinct from the cause of action contained in the complaint; the purpose of prejudgment remedy proceedings is to insure the presence of the defendant and secure the defendant's property until final judgment. SeeBartosiewicz v. Town of Hartford, supra, 14 Conn. Sup. 359. The filing of an appearance by the defendant within the context of prejudgment remedy proceedings does not trigger the commencement of an action for the purposes of the accidental failure of suit statute.
In accordance with the foregoing the court finds that the 1991 proceeding was not an "action," for the purposes of the accidental failure of suit statute, General Statutes § 52-592. Accordingly, the court denies the defendant's motion to dismiss the present action.
Mary R. Hennessey, Judge