[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE' PRIOR PENDING ACTION
Defendant Sandra Patman moves this Court to dismiss or transfer this action to the Housing Court at Meriden claiming that pending in the Court at Meriden is a prior action involving the same parties, as well as virtually the same claims. Ostensibly the only difference in the two actions is that the parties' positions as plaintiff and defendant are reversed.
Plaintiff Edmund L. Pantani, Trustee, agrees that the two actions are, or with amendment can be virtually alike, but argues that the instant, rather than the action in Meriden, is the prior pending action inasmuch as 1) the writ, summons and complaint in this action was served on August 10, 1994; and 2) the writ, summons and complaint in the Meriden proceeding was served on August 24, 1994, although a proposed unsigned writ, summons and complaint for a prejudgment remedy CT Page 741 in the Meriden proceeding was served prior to August 10, 1994.
As the Appellate Court stated in Howard v. Robertson,27 Conn. App. 621 (1992)
 It is well settled that an action is brought on the date on which the writ is served on a defendant. Hillman v. Greenwich, 217 Conn. 520, 527, 587 A.2d 99 (1991); Lacasse v. Burns, 214 Conn. 464, 475, 572 A.2d 357 (1990); Seaboard Burner Corporation v. Delong, 145 Conn. 300, 303, 141 A.2d 642 (1958);
Id. 625.
The serving of an unsigned writ, summons and complaint in the commencement of a prejudgment remedy is not tantamount to the service of a writ. As the Court stated further in Howard:
 The application for prejudgment remedy is to provide, in part, that the plaintiff "is about to commence an action against [the defendant] . . . pursuant to the attached proposed unsigned Writ, Summons and Complaint and Affidavit. . . ." (Emphasis added.)
 "[A] writ of summons is a statutory prerequisite to the commencement of a civil action. . . . [I]t is an essential element to the validity of the jurisdiction of the court. . . . Although the writ of summons need not be technically perfect, and need not conform exactly to the form set out in the Practice Book . . . the plaintiff's complaint must contain the basic information and direction normally included in a writ of summons."
 (Citations omitted.) Hillman v. Greenwich, supra, 526. "A writ must contain a direction to a proper officer for service and a command to summon the defendant to appear in court." General Motors Acceptance Corporation v. Pumphrey, 13 Conn. App. 223, 228, 535 A.2d 396 (1988).
Id. at 625, 626.
Upon the foregoing facts and authorities, this Court finds CT Page 742 that this action, pending in New Haven, is the prior pending action.[1]
Although the prior pending action doctrine, as articulated in Henry F. Raab Connecticut, Inc. v. J.W. FisherCompany, 183 Conn. 108, 112-113 (1981), would consider the second action to be at least unnecessary and burdensome, those considerations do not attend this initial action.
Defendant Sandra Patman has requested the Court to transfer this case to Meriden because it is conveniently located between Hartford, where she resides, and New Haven, where the plaintiff resides. Plaintiff Edmund L. Pantani, Trustee, counters by arguing that the property central to the dispute is in New Haven, as are all of his witnesses. The court finds that the venue requirements for this action have been met, and finds no other reason for transferring the case to another location.
For the foregoing reasons and upon the foregoing authorities the defendant's Motion to Dismiss or Transfer is denied.
Clarance J. Jones, Judge