[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO DISMISS NO. 101
The plaintiff, Lisa Lind-Larsen, filed an eight-count substituted complaint on May 22, 1997 against the defendant, Fleet National Bank. On June 27, 1997, the defendant filed a motion to dismiss the substituted complaint on the ground that General Statutes § 52-592, the accidental failure of suit statute, is not applicable, and therefore the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court. The plaintiff filed an objection to the motion to dismiss on July 9, 1997, on the grounds that the motion does not comply with Practice Book § 143, and that the applicability of General Statutes § 52-592 is improperly raised by a motion to dismiss. The matter was heard by the court on July 14, 1997.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544,590 A.2d 914 (1991). "A ruling on a motion to dismiss is neither a ruling on the merits of the action . . . nor a test of whether the complaint states a cause of action. . . . Motions to dismiss are granted solely on jurisdictional grounds." Malasky v. MetalProducts Corp., 44 Conn. App. 446, 452, 689 A.2d 1145, cert. CT Page 11191 denied, 241 Conn. 906, ___ A.2d ___ (1997).
Further factual background is offered by the defendant in its memorandum of law. The defendant states that the plaintiff filed a complaint against the defendant in Danbury on March 8, 1996. On May 31, 1996, the defendant filed a request to revise, to which the plaintiff objected. The plaintiff's objection was overruled by the court on July 10, 1996. The plaintiff subsequently filed a revised complaint on July 23, 1996. After three months and numerous requests to revise, the defendant filed a motion for nonsuit on October 9, 1996 on the ground that the July 23, 1996 revised complaint did not comply with the defendant's request to revise. The plaintiff objected to the motion for nonsuit on October 15, 1996, and thereafter filed a motion for leave to file a second revised complaint on October 18, 1996. After oral argument, the court granted the defendant's motion for nonsuit on December 2, 1996.[1] The plaintiff's subsequent attempt to open the nonsuit was denied by the court on February 10, 1997. The plaintiff did not appeal from the granting of the nonsuit or the denial of the motion to open.
The defendant argues that the accidental failure of suit statute, General Statutes § 52-592, does not authorize reinitiation of all actions, but rather only those actions where the original action was commenced within the time limits prescribed by law and not tried on the merits because of a matter of form. The defendant argues that § 52-592 is not a device to be employed when dismissal is caused by the plaintiff's own negligence or failure to obey an order of the court, and therefore it should not be applicable here, where the plaintiff ignored an order of the court to revise her pleadings.[2] The defendant also argues that the grounds raised in the request to revise on the nonsuit are applicable to the present pleadings, and thus the plaintiff is attempting to circumvent the prior rulings of the court by filing a new action.
The plaintiff submits as part of her factual grounds in opposition to the motion to dismiss that she brought an action against the bank in June of 1993, but that the action was withdrawn as part of a settlement agreement between the parties dated December 14, 1993. The plaintiff argues that the defendant's motion does not comply with Practice Book § 143, which does not include deficiency or lack of cause of action as grounds for a motion to dismiss. The plaintiff also argues that a challenge to the applicability of § 52-592 may not be raised CT Page 11192 by a motion to dismiss. Further, the plaintiff argues that the defendant did not introduce facts from outside the record and therefore admits all well-pled facts.
General Statutes § 52-592 (a) provides in pertinent part: "If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits . . . or if a judgment of nonsuit has been rendered . . . the plaintiff . . . may commence a new action . . . for the same cause at any time within one year after the determination of the original action or after the reversal of the judgment." "[T]he provision is remedial in its character. It was passed to avoid hardships arising from an unbending enforcement of limitation statutes." Capers v. Lee,239 Conn. 265, 271, 684 A.2d 696 (1996).
"Preliminarily, it is important to note that, `as a formal matter, a motion to dismiss may not be the proper procedural vehicle for asserting that an action is not saved by section 52-592. The savings statute is essentially an extension of, and by implication a response to, a statute of limitations defense.'" Armenis v. Brennan,Dichter, Brennan Comerford, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 333713 (February 13, 1997, Maiocco, J.). "The presence of a statute of limitations defense does not deprive a court of subject matter jurisdiction, therefore `[s]uch a defense ordinarily is raised either by a motion to strike or by a motion for summary judgment.'" Id. Several courts have refused to entertain such arguments on motions to dismiss, regardless of whether the opposing party objected to the movant's use of a motion to dismiss to assert that an action is not saved by § 52-592. See Restreps v. Larson, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 344368 (February 9, 1989, Aronson, J.) (4 C.S.C.R. 232); Wilson v. G. Fox Co.,
Superior Court, judicial district of Hartford/New Britain at Hartford (February 9, 1989, Aronson, J.) (4 C.S.C.R. 233) (applicability of accidental failure of suit statute not properly raised on a motion to dismiss, should be brought by special defense). Other courts have decided the issue on a motion to dismiss where no objection to form was raised by the party opposing the motion. See Armenis v. Brennan, Dichter, Brennan Comerford, supra, Superior Court, Docket No. 333713; Young v.Mukon, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 538420 (November 15, 1994, Hennessey, J.) (13 Conn. L. Rptr. 8) (where the plaintiff did not object to the motion to dismiss, the court denied the motion on the merits);Lovett v. Frankel, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 503526 (January 6, 1992, Schaller, J.) (5 Conn. L. Rptr. 397, 398) (plaintiff raised CT Page 11193 no objection to use of motion to dismiss); Jonas v. Unsmoke,
Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 388354 (June 6, 1991, Maloney, J.) (4 Conn. L. Rptr. 137) (no record of objection to motion to dismiss, motion granted).
Because the plaintiff here has objected to the defendant's use of a motion to dismiss, the court will not reach the merits of the motion, but denies the motion as being improper to assert that the present action is not saved by § 52-592.[3]
Accordingly, that the motion to dismiss the plaintiff's substituted complaint is denied.
STODOLINK, JUDGE