[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
The plaintiff filed a four-count complaint against his prior attorney, his ex-wife and Peoples Bank.[1]
Plaintiff initially filed an action in federal district court, Pereirav. Antignani Maresca, United States District Court, Docket No. 1030. On August 5, 1999, the court dismissed the plaintiffs action for lack of jurisdiction. Plaintiff filed this action on October 11, 2000 pursuant to C.G.S. § 52-92, the accidental failure of suit.
In the present action, count one alleges a breach of contract claim against Maresca, for his alleged violation of the fee agreement.[2]
Although not clearly stated, count two appears to allege a Connecticut Unfair Trade Practices (CUTPA) claim and a fraud claim against Maresca for his actions in forwarding the plaintiffs share of the settlement to Rita Pereira, against the plaintiffs wishes and direction.[3]
Maresca moves for Summary Judgement on Count 2. He argues that summary judgment is appropriate in this case because all of the plaintiffs claims, except for the breach of contract claim, are subject to a three year statute of limitation. Maresca asserts that the plaintiffs complaint CT Page 7441 was served upon him on October 3, 2000, four years and nine months after the alleged wrongs occurred. Moreover, Maresca claims that the plaintiff cannot rely on the accidental failure of suit statute as the plaintiff filed this action fourteen months after the dismissal of his prior federal action thereby making the statute inapplicable. Furthermore, Maresca argues that in its prior ruling in this case granting summary judgment to People's Bank, the court (Skolnick, J.)has already determined that the plaintiff failed to comply with the time requirements of the accidental failure of suit statute. Maresca contends that this is the law of the case.
The plaintiff counters that no statutory time bar exists in this action. The plaintiff contends that the date the court granted his fee waiver, i.e., July 28, 2000, is the date the action was commenced for purposes of the statute of limitations. Further, he contends that according to the accidental failure of suit statute, he had until August 5, 2000, to file this action and he accomplished this when his fee waiver was granted. The plaintiff also argues that the defendant did not plead the statute of limitations as a special defense and thus has waived its application. on the grounds that all of the plaintiffs claims are barred by the appropriate statute of limitations.
DISCUSSION
"Summary judgment may be granted where the claim is barred by the statute of limitations." Doty v. Mucci, 238 Conn. 800, 806, 679 A.2d 945
(1996). Summary judgment is appropriate on statute of limitations grounds when the "material facts concerning the statute of limitations [are] not in disput. . . ." Burns v. Hartford Hospital, 192 Conn. 451, 452,472 A.2d 1257 (1984). "When conducting an analysis under [an occurrence statute], the only facts material to the trial court's decision on a motion for summary judgment are the date of wrongful conduct alleged in the complaint and the date the action was filed." (Internal quotation marks omitted.) Collum v. Chapin, 40 Conn. App. 449, 451, 671 A.2d 1329
(1996). "A summary judgment is proper where the affidavits do not set forth circumstances which would serve to avoid or impede the normal application of the particular limitations period." (Internal quotation marks omitted.) Id., 453.
As to the plaintiffs procedural argument, the court notes that a party does not have to plead a time limitation as a special defense prior to moving for summary judgment. "If we were to hold that a motion for summary judgment cannot be made prior to pleading a statute of limitations as a special defense, we would negate that portion of § [17-44] that provides that a motion for summary judgment can be made `at any time,' without the necessity of closing the pleadings." Girard v.CT Page 7442Weiss, 43 Conn. App. 397, 416, 682 A.2d 1078, cert. denied, 239 Conn. 946,686 A.2d 121 (1996).
The plaintiff is mistaken as to when a suit commences according to Connecticut law. "This court has long held that an action is brought once the writ, summons and complaint have been served upon a defendant. See General Statutes § 52-45a; Practice Book § [8-1]; Hillman v.Greenwich, 217 Conn. 520, 527, 587 A.2d 99 (1991) (`an action is commenced on the date of service of the writ upon the defendant' [internal quotation marks omitted]); Lacasse v. Burns, 214 Conn. 464,475, 572 A.2d 357 (1990) (`an action is not "commenced" until process is actually served upon the defendant'); McGaffin v. Roberts, 193 Conn. 393,401-402 n. 9, 479 A.2d 176 (1984), cert. denied, 470 U.S. 1050,105 S.Ct. 1747, 84 L.Ed.2d 813 (1985); Valley Cable Vision, Inc. v. PublicUtilities Commission, 175 Conn. 30, 33-34, 392 A.2d 485 (1978); Broderickv. Jackman, 167 Conn. 96, 99, 355 A.2d 234 (1974) (`an action is commenced not when the writ is returned but when it is served upon the defendant'); Seaboard Burner Corp. v. DeLong, 145 Conn. 300, 303,141 A.2d 642 (1958); Consolidated Motor Lines, Inc. v. M MTransportation Co., 128 Conn. 107, 109, 20 A.2d 621 (1941); Spalding v.Butts, 6 Conn. 28, 30 (1825)." Rana v. Ritacco, 236 Conn. 330, 337-38,672 A.2d 946 (1996). Therefore, this action was commenced on October 3, 2000, when the defendant was served, not on July 28, 2000, the date the plaintiffs fee waiver was granted.
The plaintiff's CUTPA claim is governed by the three year statute of limitations found in General Statutes § 42-110g (f). Section 42-110g
(f) provides, "An action under this section may not be brought more than three years after the occurrence of a violation of this chapter." The limitations period for claims brought under CUTPA begins to run on the date that the unfair practice occurs. Fichera v. Mine Hill Corp.,207 Conn. 204, 213, 541 A.2d 472. "Since CUTPA violations are defined in General Statutes § 42-110b to include deceptive acts of practices in the conduct of any trade or commerce, it is evident that the legislature intended that the perpetrators of such fraudulent practices, as well as other CUTPA violators, should be permitted to avail themselves of the statute of limitations defense provided by § 42-110g (f).'" (Citation omitted; internal quotation marks omitted.) Willow Springs CondominiumAssn. v. Seventh BRT Development Corp., 245 Conn. 1, 45, 717 A.2d 77
(1998).
"[T]ort claims are governed by a three year statute of limitations. . . ." Krondes v. Norwalk Savings Society, 53 Conn. App. 102, 113,728 A.2d 1103 (1999). Section § 52-577 provides: "No action founded upon tort shall be brought within three years from the date of the act or omission complained of" "Section 52-577 is an occurrence statute, meaning CT Page 7443 that the time period within which a plaintiff must commence an action begins to run at the moment the act or omission complained of occurs." (Internal quotation marks omitted.) Collum v. Chapin, supra,40 Conn. App. 451.
It is undisputed that the wrongs the plaintiff complains of in this case occurred on January 9, 1996, and January 18, 1996, when Maresca forwarded the settlement checks to the plaintiffs wife, Rita Pereira. The plaintiff submits copies of the following as exhibits: a check dated January 9, 1996, made payable to Jack Pereira in the amount of $6812.76 and a check dated January 18, 1996, made payable to Rita Pereira in the amount of $15,237.88.
The accidental failure of suit statute is contained in General Statutes § 52-592, which, provides, in pertinent part: "(a) If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits . . . because the action has been dismissed for want of jurisdiction . . . the plaintiff . . . may commence a new action
. . . for the same cause at any time within one year after the determination of the original action or after the reversal of the judgment." (Emphasis added.). According to the record, on August 5, 1999, the federal district court dismissed the plaintiffs federal action, Pereira v. Antignani Maresca, United States District Court, District of Connecticut, Docket No. 3:98CV1030. (Plaintiff's Exhibit D, filed August 1, 2001). However, neither party submitted evidence as to the date the court issued its notice or the date the plaintiff received notice.
The question is whether the one year period in § 52-592 begins on the date of decision in the original action or the date the court issues notice of the decision. "Currently there does not appear to be any appellate authority on this particular point. In addition, the Superior Court decisions that have confronted this issue have handed down conflicting opinions." Hall v. Bender, Superior Court, judicial district of Waterbury, Docket No. 163428 (June 29, 2001, Rogers, J.) (30 Conn.L.Rptr.). Relevant authority on the issue can, however, be found inRussell v. Thomas O'Connor Company, 42 Conn. App. 345, 679 A.2d 420
(1996). In that case, the issue before the court was the starting point of a time period phrased as "within one year after the termination of the original action" in the context of a closely related savings statute, General Statutes § 52-593.[4] The court held that "the one year period in which to file a new action under § 52-593 begins when notice is issued that the original action has been terminated. . . . It is axiomatic that the right to bring a new action under § 52-593 assumes that the party who is to exercise the right be given the opportunity to know that the original action has been terminated." Russell v. ThomasCT Page 7444O'Connor Company, supra, 42 Conn. App. 347-48.
The court is persuaded that the one year period within which a party may file a new action under § 52-592 should also commence on the date notice is issued that the original action has been determined. "AlthoughRussell addresses only General Statutes § 52-593, the purpose and language of General Statutes §§ 52-592 and 52-593 are closely analogous." Henriquez v. Allegre, 68 Conn. App. 238, 248 n. 10,789 A.2d 1142 (2002). "In addition, both § 52-593 and § 52-592
are intended to avoid the hardships arising from an unbending enforcement of limitation statutes. . . . [Both statutes] should be liberally interpreted . . . and should be so construed as to advance the remedy rather than retard it." (Internal quotation marks omitted.) Hall v.Bender, supra, Superior Court, Docket No. 163428. See also Golina v.Pereira, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 802482 (November 5, 2001, Beach, J.) (30 Conn.L.Rptr.). Moreover, the Appellate Court, in addressing a closely related issue pertaining to § 52-592, appears to concur with the proposition that the one year period should not begin until notice is issued. Henriquez v. Allegre, supra, 68 Conn. App. 243-45.
Furthermore, in that case, the court noted that the one year period in § 52-592 may be extended. The court noted that "this appeal appears to present an issue of first impression, that is, whether the failure of a plaintiff to receive timely notice of the dismissal of his original action extends the time within which the plaintiff may commence an action pursuant to § 52-592. We conclude that it does." Henriquez v.Allegre, 68 Conn. App. 238, 243. "While it is true, as the defendant claims, that the court's issuance of notice of the dismissal raises a presumption that the plaintiff received the notice, this presumption is rebuttable". (Citations omitted; internal quotation marks omitted.) Id., 247.
"As the party moving for summary judgment, the [defendant] is required to support its motion with supporting documentation, including affidavits." Heyman Associates No. 1 v. Insurance Co. of Pennsylvania,231 Conn. 756, 796, 653 A.2d 122 (1995). Maresca has not done so in this case because he failed to provide evidence of the date the federal court issued notice of its dismissal. Therefore, an issue of fact exists as to whether the plaintiff timely commenced this action.
Maresca argues that the court's prior decision in this case granting summary judgment in favor of the defendant, People's Bank, is the law of the case. As noted previously (footnote 3), on November 15, 2001, the court, Skolnick, J., granted People's Banks' motion for summary judgment. The court ruled that the claims against People's Bank were CT Page 7445 barred by the applicable statutes of limitation and that the plaintiffs claims were not saved by the accidental failure of suit statute.
"The law of the case is not written in stone but is a flexible principle of many facets adaptable to the exigencies of the different situations in which it may be invoked." (Internal quotation marks omitted.) Carothers v. Capozziello, 215 Conn. 82, 107, 574 A.2d 1268
(1990). "The law of the case expresses the practice of judges generally to refuse to reopen what has been decided and is not a limitation on their power." (Internal quotation marks omitted.) McCarthy v. McCarthy,55 Conn. App. 326, 332, 752 A.2d 1093 (1999), cert. denied, 252 Conn. 923,752 A.2d 1081 (2000). It is also true, however, that "[a] judge is not bound to follow the decisions of another judge made at an earlier stage of the proceedings, and if the same point is again raised he has the same point is again raised he has the same right to reconsider the question as if he had himself made the original decision. . . . This principle has been frequently applied to an earlier ruling during the pleading stage of the case. . . . According to the generally accepted view, one judge may, in a proper case, vacate, modify or depart from an interlocutory order or ruling of another judge in the same case, upon a question of law." (Citations omitted; internal quotation marks omitted.) Westbrook v. SavinRock Condominiums Assn., 50 Conn. App. 236, 239-40, 717 A.2d 789 (1998). This court elects to depart from the ruling on People's Bank motion for summary judgment to the extent that it was based on the court's conclusion that the plaintiff could not rely on § 52-592 because this action was not timely. Moreover, it is noteworthy that in that decision, the court also specified that the plaintiff could not rely on § 52-592
because People's Bank was not a party in the plaintiffs federal action. For the foregoing reasons, the defendant's argument fails.
Accordingly, the defendant's motion for summary judgment is denied.
GALLAGHER, J.