[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The plaintiff in this matter alleges that he is due certain benefits under a Sickness and Accident injury policy. He further claims that he has been disabled since April 6, 1988 and the defendant has failed to make payment of the monthly benefits in accordance with the terms of the policy. This lawsuit was commenced according to the sheriff's return on January 4, 1993. This complaint was preceded by a similar complaint (Docket No. CV-91-0309434) which, according to the record, was nonsuited for failure to disclose on February 28, 1992. This new action is brought under § 52-592 Conn. Gen. Stats., "Accidental Failure", according to the reply to the Defendant's Fifth Special Defense which alleged that the present action was brought more than 3 years after the time written proof of loss was required to be furnished.
The defendant has moved for summary judgment claiming that the record clearly reflects that the present action was brought more than 3 years after the time the written proof of loss was required to be furnished according to the terms of the policy.
The plaintiff claims that summary judgment does not lie as the new complaint simply continues, in effect, the prior complaint which was served is a timely fashion. Assuming that the initial complaint was served within the appropriate limitations for suit as set out in the insurance contract, the present suit, not being served until January 4, 1993, is well beyond the 3 years limit as prescribed by the policy. The case of Monteiro v. American HomeAssurance Co., 177 Conn. 281, 283, holds that the failure to comply with a condition of the policy regarding the time within which suit must be brought is a defense to an action on the policy.
The "accidental failure" statute, while providing an opportunity to preserve a cause of action from the effect of a statutory Limitation of Action, is of no effect in tolling any policy time limitation on when suit must be commenced. Consequently the plaintiff's claim that the "accidental failure" statute relates the present action back to the original action is inappropriate.
The plaintiff further claims that this time limitation was tolled as, according to exhibits and affidavits on file, the insurer paid benefits and that any time limitations set out in the policy for commencing suit did not begin until the plaintiff was advised that his benefits were being denied. The case of Boyce v.Allstate Insurance Company, 9 CSCR 90 (January 4, 1994) reviews the authorities on this issue and decides that limitations set forth in the policy should be calculated from the date of the loss and not CT Page 6997 from any uncertain date as to when the cause of action might have accrued. This court agrees with Boyce and concludes that this action is untimely, having been brought more than 3 years subsequent to the loss of April 6, 1988.
However, given all of the foregoing, the plaintiff in his Reply To The Defendant's First Special Defense claims that the defendant, by carrying on negotiations and paying certain benefits, has waived certain notice requirements of the policy. This creates a question of fact which prevents the entry of summary judgment for the defendant at this time.
Accordingly, the motion is denied.