[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
This is a four count complaint dated October 20, 1994 seeking damages for personal injuries arising from an altercation on September 29, 1989 in which the plaintiff was allegedly wounded by the defendant Nestor A. Quijano, the fourth count alleging a fraudulent conveyance on November 12, 1989 to the defendant Lucia S. Quijano.
Defendants filed this motion for summary judgment on August 15, pursuant to court permission on the ground that the applicable statutes of limitation set forth in General Statutes § 52-577 and § 52-584 bars the plaintiff's claims.
 I
The relevant procedural history, although lengthy, CT Page 2300 serves as the basis for the parties' arguments and is necessary to recite for the determination of this motion On April 20, 1990, the plaintiff filed an application for a prejudgment remedy along with the other documents required by General Statutes § 52-278c including a three count complaint, unsigned writ, and summons. In that complaint, the plaintiff alleged causes of action for negligence, recklessness, and battery and on April 26, 1990, these documents were served on Nestor Quijano. On May 23, 1990, the plaintiff filed an amended complaint adding a fourth count, alleging fraudulent conveyance of property from Nestor Quijano to his wife, Lucia Quijano. On February 21, 1991, the firm of O'Brien Tanski filed an appearance on behalf of both defendants, Nestor and Lucia Quijano.
On December 6, 1991, the court entered a judgment of dismissal, pursuant to Practice Book § 251, based on the plaintiff's failure to reasonably prosecute the action. On January 23, 1992, the court, Aronson, J., granted the plaintiff's motion to reopen the judgment of dismissal. On June 26, 1992, the court entered a second judgment of dismissal pursuant to Practice Book § 251. On August 24, 1992, the court, Aronson, J., granted the plaintiff's motion to reopen the judgment of dismissal. On June 25, 1993 the court entered a third judgment of dismissal pursuant to Practice Book § 251. On July 12, 1993, the court, O'Neill, J., denied the plaintiff's prejudgment remedy action on the ground that the filing of prejudgment remedy documents did not commence an action pursuant to General Statutes § 52-45a and, therefore, the statute of limitations barred the plaintiff's action. On September 14, 1993, the plaintiff filed a motion to reopen the judgment of dismissal, which over defendants' objection, was granted on September 26, 1994 by the court, O'Neill, J.
On October 21, 1994, the defendants were served with the plaintiff's writ of summons, and four count complaint alleging causes of action for negligence, recklessness, battery, and fraudulent conveyance which was filed in court on October 26, 1994. On November 22, 1994, a second appearance was filed on behalf of both defendants and on January 23, 1995, an answer and special defenses was filed asserting that the plaintiff's claims are barred by the applicable statute of limitations provided in General CT Page 2301 Statutes §§ 52-577 and 52-584. On May 12 and July 28, 1995, the plaintiff filed revised replies to defendants' special defenses, claiming waiver of estoppel because the defendants failed to object to the plaintiff's motions to reopen judgments of dismissal, granted on January 23, 1992 and August 24, 1992, and because the defendants filed an appearance prior to the expiration of the statute of limitations. The plaintiff further claimed that the filing of an application for a prejudgment remedy, the filing of a motion for permission to amend the complaint, and the service of an amended complaint tolls the statute of limitations.
In this motion for summary judgment, defendants claim that the applicable statute of limitations, set forth in General Statutes §§ 52-577 and 52-584, bars the plaintiff's claims because under General Statutes § 52-45a, an action commences on the date on which the writ is served on the defendant, and in this case although the tortious conduct occurred on September 29, 1989, the present action was not commenced until October 21, 1994, when the writ was served on the defendants. Defendants contend that Counts One through Three are barred because the three-year period runs from the date of the act complained of by the plaintiff. As to Count Four, the defendants claim that, since this is a common law cause of action for fraudulent conveyance the applicable statute is § 52-577 rather than the fraudulent conveyance statute, General Statutes § 52-552 and Count Four should have been brought within three years of the date plaintiff's became aware of the fraudulent conveyance which awareness was manifested on May 11, 1990, when he filed the proposed amended complaint, adding the fraudulent conveyance count.
 II
Before considering the plaintiff's objections to the defendants' motion for summary judgment, it must first be determined which statutes of limitations apply to the plaintiff's claims.
General Statutes § 52-577 provides that "no action founded upon a tort shall be brought but within three years from the date of the act or omission complained of." General Statutes § 52-584 provides, in relevant part, that CT Page 2302 "no action to recover damages for injury to the person, or to real or personal property, caused by negligence, or by reckless or wanton misconduct . . . shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of."
In addressing the scope of § 52-577, our Supreme Court has determined that the three-year limitation of 52-577 is applicable to all actions found upon a tort which do not fall within those causes of action carved out of 52-577 and enumerated in 52-584 or another section stating "Thus the three year limitation period of 52-577 applies to all actions based upon a tort unless there has been a specific statutory exclusion." Travelers Indemnity Co. v. Rubin,209 Conn. 437, 441, (1988). It is clear that Counts One and Two of the plaintiff's complaint, respectively alleging causes of action for negligence and recklessness, are governed by the three-year statute of limitations provided in General Statutes § 52-584. It is equally clear that Count Three, alleging a cause of action for battery, is governed by the three-year statute of limitations provided in General Statutes § 52-577.
Count Four of the plaintiff's complaint alleges a common law cause of action for fraudulent conveyance, rather than a statutory cause of action for fraudulent conveyance pursuant to General Statutes Chapter 923a, the Uniform Fraudulent Transfer Act, (§§ 52-552a through 52-5521.) In Travelers Indemnity Co. v. Rubin, supra, 440, it was stated that "ordinarily, the fraudulent conveyance statute . . . would be the basis for an action to set aside a fraudulent conveyance of real property." . . . but "the common law tort action to set aside a fraudulent conveyance of real property has not been statutorily excluded from 52-577, and we are unpersuaded that we should exclude such actions by judicial fiat." Id., 441. Moreover, the Court stated that they were "not persuaded . . . that a potential judgment creditor who is aware of a fraudulent conveyance should be allowed to toll the statute of limitations by ignoring the conveyance and [waiting] until the underlying claim is reduced to judgment to pursue the fraud feasor." Id., 442-43. We conclude that Count Four of the CT Page 2303 plaintiff's complaint is governed by the three-year statute of limitations provided in General Statutes § 52-577.
 III
It must next be determined when this action commenced. It is well settled that an action is brought on the date on which the writ is served on a defendant. Howard v.Robertson, 27 Conn. App. 621, 625, (1992). A writ of summons is a statutory prerequisite to the commencement of a civil action. General Statutes § 52-45a; Hillman v.Greenwich, 217 Conn. 520, 526, (1991). "Although the writ of summons need not be technically perfect, and need not conform exactly to the form set out in the Practice Book . . . the plaintiff's complaint must contain the basic information and direction normally included in a writ of summons." Id. The return date "is a necessary component of a writ by which a civil action is commenced. General Statutes § 52-45a;" Howard v. Robertson, supra, 27 Conn. App. 626. Because prejudgment remedy documents, filed pursuant to General Statutes § 278c, do not contain a return date, prejudgment remedy documents are not the equivalent of the writ necessary pursuant to General Statutes § 52-45a. Id.
On February 21, 1991, approximately nine months after the plaintiff filed an amended complaint in compliance with an application for a prejudgment remedy, the firm of O'Brien Tanski filed an appearance on behalf of the defendants. Approximately, two and one-half years later, the plaintiff served the defendants with a writ, summons, and complaint. These documents included a return date. One month later, the firm of O'Brien, Tanski, Tanzer 
Young, filed a second appearance on behalf of the defendants. It can only be concluded that the February 21, 1991 appearance was filed within the context of the plaintiff's prejudgment remedy action and the November 22, 1994 appearance was filed within the context of the plaintiff's civil action.
In Young v. Mukon, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 0538420 (November 14, 1994, Hennessey, J., 9 CSCR 1281). The court held that "the filing of an appearance by the defendant within the context of prejudgment remedy proceedings does CT Page 2304 not trigger the commencement of an action, distinguishingYoung v. Margiotta, 136 Conn. 429 (1950) which contains a statement that a voluntary appearance by a defendant signifies the commencement of an action.
In the present case, the plaintiff's filing of the application and requisite documents for a prejudgment remedy action, on April 26, 1990, did not commence the plaintiff's action in compliance with the three-year statute of limitations provided in General Statutes §§ 52-577
and 52-584. Neither could the February 21, 1991 appearance filed by O'Brien Tanski on behalf of the defendants commence the plaintiff's action. The action in this case commenced on October 21, 1994 when the defendants were served with a writ of summons and complaint, in accordance with General Statutes § 52-45a.
 IV
The altercation, providing the basis for the plaintiff's claims, occurred on September 29, 1989. Pursuant to General Statutes §§ 52-577 and 52-584, Counts One through Three of the plaintiff's complaint alleging negligence, recklessness and battery must have commenced on or before September 29, 1992 but were not brought until October 21, 1994, when the defendants were served with a writ of summons and a complaint in accordance with General Statutes § 52-45a. Therefore the applicable statute of limitations, provided in General Statutes §§ 52-577 and 52-584, bars Counts One through Three of the plaintiff's complaint.
As to Count Four, the three-year period, pursuant to General Statutes § 52-577, began no later than May 23, 1990, when the plaintiff filed his amended complaint adding Count Four, and subsequently expired on May 23, 1993. Since plaintiff's claim for fraudulent conveyance, alleged in Count Four, was not made until October 21, 1994, after the expiration of the three-year period. General Statutes § 52-577, bars Count Four.
 V
The plaintiff argues, however, that the defendants' motion for summary judgment should be denied as a matter of CT Page 2305 law because the defendants failed to address several of the matters raised by the plaintiff in avoidance of the defendants' special defenses and motion for summary judgment. It is, of course, true that the "The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all the material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law." Suarez v.Dickmont Plastics Corp., supra, 229 Conn. 105. Nevertheless, it is the party opposing a motion for summary judgment which must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. Practice Book § 381. Barrett v. Danbury Hospital,232 Conn. 242, 255, (1995). Plaintiff has failed to demonstrate or provide evidence which would substantiate a genuine issue of material fact or to refute the evidence presented by the defendants. Accordingly, the defendants' failure to address grounds raised by the plaintiff in opposition to the defendants' special defenses and motion for summary judgment is not a sufficient ground to deny defendants' motion for summary judgment. Moreover, because the plaintiff has failed to address, beyond mere conclusions, its claims regarding estoppel, the tolling of the statute of limitations by the filing of a motion for permission to amend the complaint and the service of the amended complaint, and the tolling of the statute of limitations by the filing and service of an application for prejudgment remedy, it is not necessary to address these claims. No support for plaintiff's position has been cited or found in the caselaw of Connecticut or other jurisdictions.
 VI
Finally, plaintiff claims that defendants waived their claims to assert a statute of limitations defense. Waiver is the intentional relinquishment of a known right."Heyman Associates No. 1 v. Insurance Co. of Penn.,231 Conn. 756, 777, (1995) and may be implied from acts or conduct if it is reasonable to do so." B B Corp. v.Lafayette American Bank Trust, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 309876 (May 20, 1994, Fuller, J.).
The plaintiff argues that the present case is CT Page 2306 analogous to Levlegian v. Monarch Life Insurance Co.,
Supra, 9 CSCR 897 which involved a claim of benefits under a sickness and accident injury policy. In that case the defendant moved for summary judgment on the ground that the action was brought after the three-year period provided within the policy, but the plaintiff, argued that the defendant, by carrying on negotiations and paying certain benefits, has waived certain notice requirements of the policy. Accordingly, the court, Ripley, J., denied the defendant's motion for summary judgment on the ground that the plaintiff's claims established a genuine issue of material fact.
In the present case, the plaintiff's waiver arguments rest on the defendants' failure to object to the plaintiff's motions to reopen judgments of dismissal, subsequently granted on January 23, 1992, and August 24, 1992, and the appearance of O'Brien Tanski on behalf of the defendants on February 21, 1991. The factual dissimilarities between this case and Leylegian are manifest and the claim of waiver in this case do not rest on the same kind of factual question.
Because there is no genuine issue of material fact as to when the plaintiff's action commenced, the defendants are entitled to judgment as a matter of law pursuant to the applicable statute of limitations provided in General Statutes §§ 52-577 and 52-584. Defendants' motion for summary judgment is granted.
Wagner, J.