DOROTHEA K. HOWARD *v.* MALCOM D. ROBERTSON
(10340)

DALY, FOTI and LAVERY, Js.

Argued January 14—decision released May 26, 1992

*George M. Purtill,* with whom, on the brief, was *Dana M. Gilland,* for the appellant (plaintiff).

*Vincent F. Sabatini,* with whom, on the brief, was *James R. Even,* for the appellee (defendant).

LAVERY, J. The plaintiff, Dorothea K. Howard, appeals from the trial court's decision rendering summary judgment in favor of the defendant, Malcom D. Robertson. On appeal, the plaintiff claims that the trial court improperly granted the defendant's motion for summary judgment because (1) the filing and the service of an application for prejudgment remedy constitutes notice satisfying the statute of limitations, (2) the defendant admitted that he had notice of the plaintiff's claim and had allegedly received a signed complaint prior to the expiration of the earliest possible date for the statute of limitations, (3) the filing and the service of an application for prejudgment remedy constitutes civil process for the purposes of measuring the running of the statute of limitations, (4) the filing and service of an application for prejudgment remedy together with a signed complaint and writ of summons for the prejudgment remedy hearing constitutes service in accordance with General Statutes § 52-45a[1] and com-

---

[1] General Statutes § 52-45a provides: "COMMENCEMENT OF CIVIL ACTIONS. CONTENTS AND SIGNATURE OF PROCESS. Civil actions shall be commenced by legal process consisting of a writ of summons or attachment, describing the parties, the court to which it is returnable, the return day and the date and place for the filing of an appearance. The writ shall be accompanied by the plaintiff's complaint. The writ may run into any judicial district and shall be signed by a commissioner of the superior court or a judge or clerk of the court to which it is returnable."

mencement of an action in accordance with § 52-582,[2] (5) the filing and service of an application for prejudgment remedy tolls the running of the statute of limitations, (6) there were material factual issues to be determined, and (7) the court failed to consider the issue of the tolling of the statute of limitations. Finally, the plaintiff claims that the trial court improperly allowed the defendant to amend his answer. We affirm the trial court's judgment.

The following facts are relevant to this appeal. The defendant constructed a house for the plaintiff. The plaintiff refused to pay the balance due upon completion of the house because of unworkmanlike construction. In an action that preceded the present action, the defendant sued the plaintiff, who filed a counterclaim. On February 3, 1986, the trial court rendered judgment awarding damages to the defendant.

The plaintiff subsequently discovered previously undetectable defects in the house. On June 21, 1988, the plaintiff's counsel sent a letter to the defendant informing him that the plaintiff intended to file a petition for a new trial. On January 10, 1989, the plaintiff filed an application for prejudgment remedy. The plaintiff's counsel signed the summons on January 25, 1989. On January 30, 1989, the defendant was served with an application for a prejudgment remedy, a writ, a summons, an order for a hearing on the prejudgment remedy, a proposed unsigned order for a prejudgment remedy, a signed complaint for a new trial and an affidavit. On February 6, 1989, after a hearing, the trial court denied the application. Neither the defendant nor his counsel appeared at the hearing.

[2] General Statutes § 52-582 provides: "PETITION FOR NEW TRIAL. No petition for a new trial in any civil or criminal proceeding shall be brought but within three years next after the rendition of the judgment or decree complained of."

On April 17, 1989, the plaintiff filed a writ, summons and complaint for a new trial. Service of process had been made on the defendant on April 10, 1989. The plaintiff subsequently filed an amended complaint, which the defendant answered pro se. On October 12, 1990, the defendant retained counsel. On December 26, 1990, the defendant requested leave to amend his answer to add special defenses, one of which was the statute of limitations. Despite the plaintiff's objection, the trial court granted the defendant permission to file an amended answer. On May 1, 1991, the defendant filed a motion for summary judgment, which was granted by the trial court on June 4, 1991. The plaintiff appeals from the trial court's decision rendering summary judgment.

The plaintiff sets forth several claims on appeal that fall into two categories—the statute of limitations and the defendant's amended answer.

I

THE STATUTE OF LIMITATIONS

The plaintiff first claims that the filing of the prejudgment remedy application, when coupled with the service thereof on the defendant, constituted notice that satisfied the statute of limitations. The statute of limitations for a petition for new trial is three years. General Statutes § 52-582.[3] In the present case, the trial court filed its decision on February 3, 1986. Therefore, the service of the writ on the defendant must have occurred by February 3, 1989, to be considered timely. It is undisputed that the defendant was served with notice of prejudgment remedy on January 30, 1989. Also, the defendant admitted that he had notice of the plaintiff's claims prior to February 3, 1989. The plain-

---

[3] See footnote 2, supra.

tiff asserts that because the defendant received notice of the prejudgment remedy application, a pending civil action, prior to the expiration of the statutory period, the statute of limitations was satisfied.[4] We disagree.

It is well settled that an action is brought on the date on which the writ is served on a defendant. *Hillman* v. *Greenwich,* 217 Conn. 520, 527, 587 A.2d 99 (1991); *Lacasse* v. *Burns,* 214 Conn. 464, 475, 572 A.2d 357 (1990); *Seaboard Burner Corporation* v. *Delong,* 145 Conn. 300, 303, 141 A.2d 642 (1958); *Consolidated Motor Freight Lines, Inc.* v. *M & M Transportation Co.,* supra, 109. On January 30, 1989, the defendant was served with a notice of prejudgment remedy hearing pursuant to General Statutes § 52-278c. General Statutes § 52-278c sets forth the requirements of service on a defendant of notice of intent to secure a prejudgment remedy.[5] Section 52-278c (b) supplies the forms to be used for the application, the order and the summons required. The application for prejudgment remedy is to provide, in part, that the plaintiff "is *about to commence* an action against [the defendant] . . . pursuant to the attached proposed unsigned Writ, Summons and Complaint and Affidavit. . . ." (Emphasis added.) Id.

---

[4] The plaintiff erroneously argues that *Consolidated Motor Freight Lines, Inc.* v. *M & M Transportation Co.,* 128 Conn. 107, 20 A.2d 621 (1941), presents an analogous situation. That case, however, involved the inclusion of a counterclaim in an answer, not a petition for new trial. In *Consolidated,* our Supreme Court decided that the plaintiff's receipt of notice of the defendant's counterclaim filed prior to the expiration of the statute of limitations marked the commencement of the action set up in the counterclaim and satisfied the rules of practice. Id., 109. "For the purpose of the statute of limitations, an action upon the subject of a counterclaim is deemed to have begun when it is filed or, where permission to do so is necessary, when a proper motion for that purpose is served on the opposing party. Id., 108–109." *Pacelli Bros. Transportation, Inc.* v. *Pacelli,* 189 Conn. 401, 413–14, 456 A.2d 325 (1983).

[5] General Statutes § 52-278c requires a proposed unsigned writ, summons, complaint, an application, an affidavit, a form of order and a form of summons.

"[A] writ of summons is a statutory prerequisite to the commencement of a civil action. . . . [I]t is an essential element to the validity of the jurisdiction of the court. . . . Although the writ of summons need not be technically perfect, and need not conform exactly to the form set out in the Practice Book . . . the plaintiff's complaint must contain the basic information and direction normally included in a writ of summons." (Citations omitted.) *Hillman* v. *Greenwich,* supra, 526. "A writ must contain a direction to a proper officer for service and a command to summon the defendant to appear in court." *General Motors Acceptance Corporation* v. *Pumphrey,* 13 Conn. App. 223, 228, 535 A.2d 396 (1988).

In the present case, the writ accompanying the prejudgment remedy documents did not specify a return date by which the defendant would have to file an appearance. This is a necessary component of a writ by which a civil action is commenced. General Statutes § 52-45a. Although the documents served on the defendant were sufficient to give notice of a prejudgment remedy hearing, they were insufficient to serve as the basis for a petition for new trial.[6] Contrary to the plaintiff's assertions, the prejudgment remedy documents are not the equivalent of the writ necessary pursuant to General Statutes § 52-45a, and does not satisfy the requirements of General Statutes § 52-582.[7] Further, the language of General Statutes § 278c (b)

---

[6] We note that the plaintiff did serve a proper writ, summons and complaint on the defendant on April 10, 1989, after the expiration of the statute of limitations.

[7] The plaintiff asserts that the filing and serving of an application for prejudgment remedy tolls the running of the statute of limitations. Her brief, however, lacks any authority supporting that proposition. " 'Bare assertions of error without citation to legal authority may constitute an abandonment of a claim.' " *Echols* v. *Balck,* 9 Conn. App. 620, 622, 520 A.2d 651 (1987). We decline, therefore, to review this claim.

that the plaintiff is "about to commence an action" plainly indicates that the application for prejudgment remedy, together with the documents that accompany it, do not commence an action.

"Under our rules of practice, any party may move for summary judgment once the pleadings in a case are closed. Practice Book § 379. . . . The judgment sought shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book § 384. *Cummings & Lockwood* v. *Gray,* 26 Conn. App. 293, 296–97, 600 A.2d 1040 (1991)." (Internal quotation marks omitted.) *Farmington* v. *Dowling,* 26 Conn. App. 545, 548–49, 602 A.2d 1047 (1992). In the present case, the pleadings, the affidavit of the defendant, the prejudgment remedy documents and the sheriff's return of service dated April 10, 1989, reveal that no issue of material fact existed as to whether the plaintiff complied with General Statutes § 52-582. Consequently, the trial court properly granted summary judgment for the defendant.

## II

### The Amended Answer

Finally, the plaintiff claims that the trial court improperly allowed the defendant to amend his answer to include special defenses, including the statute of limitations. " 'A trial court has wide discretion in granting or denying amendments to the pleadings and rarely will [a reviewing] court overturn the decision of the trial court. *Citizens National Bank* v. *Hubney,* 182 Conn. 310, 312–13, 438 A.2d 430 (1980).' *Hanson Development Co.* v. *East Great Plains Shopping Center, Inc.,* 195 Conn. 60, 67, 485 A.2d 1296 (1985)." *Capitol Restorations Corporation* v. *Construction Services of Bristol, Inc.,* 25 Conn. App. 681, 685, 596 A.2d 927 (1991). We

will not disturb the ruling of the trial court in granting or denying amendments to the pleadings unless an abuse of discretion is clearly evident. Id. In the present case, the defendant was initially proceeding pro se. On October 12, 1990, he secured counsel. On December 26, 1990, defendant's counsel filed a request for leave to amend the defendant's answer to add special defenses. The plaintiff filed an objection, and the trial court held a hearing. The court overruled the plaintiff's objection, and the defendant subsequently filed his amended answer. We conclude that the trial court acted within its discretion.

The judgment is affirmed.

In this opinion the other judges concurred.