[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR LEAVE TO AMEND
This suit was commenced in December, 1994. The complaint was amended March 30, 1995 and answered on July 21, 1995. A motion by the plaintiff to strike one of defendant's counterclaims was granted on October 16, 1995. Practice Book § 157 grants fifteen days to file a new pleading after granting a motion to strike. The defendant, inadvertently failing to file timely, requested leave to file the answer and substituted counterclaim on November 9, 1995.
Practice Book § 175 states that the plaintiff may amend any defect or mistake within the first thirty days after the return day. Section 176 allows amendment thereafter by order of the court, for any party requesting leave of the court to so amend, with discretion to restrain such amendments as necessary to compel parties to complete the pleadings in a reasonable time for trial. Belated amendments are generally permitted unless they CT Page 12499-P would cause an unreasonable delay, mislead or take unfair advantage of the opposing party, or confuse the issues. Falby v.Zarembski, 221 Conn. 14, 24, 602 A.2d 1 (1992). Discretion to grant or deny amendments to pleadings includes the addition of special defenses. Howard v. Robertson, 27 Conn. App. 621, 627,608 A.2d 711 (1992). A special defense may be added if it is determined that the opposing party will suffer no prejudice therefor. Rosenberg v. Castaneda, 38 Conn. App. 628, 636,662 A.2d 1308, 1312 (1995). "Our courts have pursued a liberal policy in allowing amendments. . . . The statute and the rule call for the exercise of the court's discretion, and the refusal to allow an amendment must rest upon some sound reason." Johnson v.Toscano, 144 Conn. 582, 587, 136 A.2d 342, 344 (1957).
In the case at bar, the amended pleadings are offered less than one week beyond the required date. Discovery has not yet commenced in this case. The plaintiff cannot conceivably be prejudiced by the inclusion of the additional special defenses and counterclaims. While the court is cognizant of the need to encourage promptness in completing the pleadings and moving towards ultimate resolution, that alone is not adequate reason for refusal to allow an amendment in this instance, where the time period is so short. Therefor, defendant's motion for leave to file answer and amended special defenses and counterclaim of November 9, 1995 is granted.
D'ANDREA, J.