[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTIONS #104.00 #104.50
The offer of judgment served with the prejudgment remedy papers in the above entitled matter was not a valid offer of judgment within the meaning of General Statutes § 52-192a.[1] An application for a prejudgment remedy, and the papers which are served in accordance therewith, do not CT Page 1533 "commence an action". Howard v. Robertson, 27 Conn. App. 621,626-27, 608 A.2d 711 (1992). See also Young v. Mukon, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 538420 (November 15, 1994, Hennessey, J.). Additionally, courts have held that an application for a prejudgment remedy is "not a civil action". See Knickerbocker v. Village Apartments Prop., Superior Court, judicial district of Litchfield, Docket No. 58389 (September 23, 1992, Pickett, J.); Dinnis v. Roberts, Superior Court, judicial district of New Haven, Docket No. 296974 (January 3, 1991, Dorsey, J.). Under either approach, the purported offer would not be valid within the meaning of General Statutes § 52-192a(a) as having been submitted "[a]fter the commencement of a civil action".
Based on the foregoing, the plaintiff's objection and motion to strike is granted (Motions #104.00 and #104.50).
LAWRENCE L. HAUSER, JUDGE.