[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On March 14, 1995, the plaintiff Farm Country Club, Inc. (FCC) commenced this action by service of process on the defendants John Torello, d/b/a Torello Associates (Torello) and American Roofing Systems, Inc. (American Roofing), and by service of process on Knickerbocker-Barry, Inc. (Knickerbocker) on March 15, 1995, the party now moving for summary judgment as to count two. In a three count amended complaint filed on July 27, 1995, FCC alleges that it entered into an oral agreement with Torello to design an addition to a clubhouse located on FCC's premises. (Amended Complaint, ¶ 5.) FCC hired Knickerbocker to build the addition designed by Torello. (Amended Complaint, ¶ 6.) On March 14, 1993, FCC discovered that the addition's ceiling tiles were falling out of their support systems, and, upon further investigation, a failure of the entire roof system was discovered. (Amended Complaint, ¶¶ 8-9.) FCC alleges that it "was caused to suffer damages in repairing the roof system." (Amended Complaint, ¶ 10.)
The first count alleges that Torello was negligent in the designing of the roof system and the third count alleges that American Roofing was negligent in the construction of the roof system. In the second count of its amended complaint, FCC alleges that it relied on the expertise of Knickerbocker, that Knickerbocker had a duty to use reasonable care in constructing the roof system, but that Knickerbocker was negligent in that Knickerbocker: 1) failed to use reasonable care in the construction of the roof system; 2) failed to construct the roof system according to the Torello's plans; 3) failed to adequately support or brace the truss which made up the roof system; 4) failed to discover in the exercise of reasonable care that the roof system was improperly designed; 5) knew or should have known, in the exercise of reasonable care, that the roof system CT Page 897 could not support normal loading as designed; 6) knew or should have known, in the exercise of reasonable care, that the roof system could not support unequal loading as designed; 7) failed to properly supervise and inspect the work of its subcontractor American Roofing all of which caused FCC to suffer damages. (Amended Compliant, Count II.)
On August 1, 1995, Knickerbocker filed an answer to the second count of the amended complaint admitting that Knickerbocker held itself out to be an expert in building construction and that it had a duty to use reasonable care in the construction of the plaintiff's roof. Knickerbocker also pleaded four special defenses. In pertinent part, Knickerbocker asserted that FCC's cause of action is barred by General Statutes §§52-584 and 52-577. On October 2, 1995, FCC filed a reply to the special defenses.
On August 27, 1996, Knickerbocker filed a motion for summary judgment as to count two on the ground that there is no genuine issue of material fact. In support of its motion for summary judgment, Knickerbocker attached a copy of the Standard Form Agreement Between Owner and Contractor (the agreement) signed by FCC and Knickerbocker and a copy of the Certificates of Occupancy (the certificates) for the upper and lower levels of the addition to the clubhouse. On September 18, 1996, FCC filed an objection to Knickerbocker's motion for summary judgment contending that General Statutes § 52-584 is unconstitutional as applied to FCC. On September 20, 1996, Knickerbocker filed a reply to FCC's objection.
"On evaluating the propriety of a summary judgment, [the court is] confined to an examination of the pleadings and affidavits of the parties to determine whether (1) there is no genuine issue as to any material fact, and (2) the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Doty v. Mucci, 238 Conn. 800, 807, 679 A.2d 945
(1996). "Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Id., 805. "[T]he party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Internal quotation marks omitted.) CT Page 898 Id., 808. "Summary judgment may be granted where the claim is barred by the statute of limitations." Id., 806.
Knickerbocker moves for summary judgment as to count two on the ground that there is no issue of material fact. In its supporting memorandum Knickerbocker argues that the negligence complained of occurred prior to April 15, 1987. Knickerbocker further contends that the act or omission complained of occurred approximately six years prior to FCC's discovery of the injury and approximately eight years from the completion of the work. Knickerbocker, therefore, argues that FCC's claim is barred by General Statutes § 52-577 or § 52-584 because the alleged negligence occurred at sometime prior to April 15, 1987, but the action was not commenced until March 14, 1995.
In response, FCC argues that General Statutes § 52-584
violates the Connecticut constitution, article first, § 10, and it is unconstitutional as applied to FCC because an application of the statute would preclude FCC from bringing a negligence claim before FCC knew that it had suffered any harm. In support of its objection, FCC attached a Memorandum of Decision in the case of George v. Soderholm, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 223840 (May 13, 1987, Berdon, J.) for the proposition that § 52-584, if applied to this case, unconstitutionally deprives FCC of its right to redress by the court because, as of the date that FCC's employees discovered the failure of the roof, § 52-584 would bar FCC's cause of action before FCC knew that it had suffered any damage caused by Knickerbocker's negligence.
In its reply to FCC's objection to summary judgment, Knickerbocker argues that a reading of the decision in George v.Soderholm, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 223840 (May 13, 1987, Berdon, J. ), "indicates that Judge Berdon refused to grant Summary Judgment holding that on the arguments presented, the application of Section 52 — 584 to the facts of the case would be violative of the Connecticut constitution." (Knickerbocker's reply.) Knickerbocker further argued that the real plaintiff in interest, the insurer of FCC, knew as early as March 14, 1993, that it had a colorable claim against Knickerbocker, but the insurer waited until March 14, 1995, to make service of process. Knickerbocker concludes, therefore, that "fairness is moot."
Before considering the merits of Knickerbocker's summary CT Page 899 judgment motion the court must determine which statute of limitation applies to FCC's cause of action.
General Statutes § 52-577 provides as follows: "No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of." General Statutes § 52-584 provides in pertinent part as follows: "No action to recover damages for injury to the person, or to real or personal property, caused by negligence . . . shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of."
The Supreme Court has emphasized that § 52-577 "is applicable to all tort actions other than those excepted therefrom by § 52-584 or other sections . . ." Lambert v.Stovell, 205 Conn. 1, 4, 529 A.2d 710, (1987); and that allegations of negligent conduct are governed by § 52-584.Nardi v. AA Electronic Security Engineering, Inc.,32 Conn. App. 205, 210, 628 A.2d 991 (1993). In the present case, FCC specifically alleges, in the second count, that Knickerbocker was negligent in constructing, bracing, inspecting and supervising the construction of the roof. Therefore, the allegations contained in the second count are controlled by the limitations period of § 52-584. Lambert v. Stovell, supra, 205 Conn. 5, (The plaintiff's allegations sounded in medical malpractice rather than battery, therefore the applicable statute of limitations was § 52-584 not § 52-577.).
Section 52-584 "imposes two specific time requirements on prospective plaintiffs. The first requires a plaintiff to bring an action within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered. . . . The second provides that in no event shall a plaintiff bring an action more than three years from the date of the act or omission complained of. . . . " (Internal . quotation marks omitted.) Nardi v. AA ElectronicSecurity Engineering, Inc., supra, 32 Conn. App. 210.
With respect to the first time limitation in § 52-584, the two-year statute of limitations accrues when a party suffers an actionable harm, i.e., when the "plaintiff discovers or should discover, through the exercise of reasonable care, that he or she CT Page 900 has been injured and that the defendant's conduct caused such injury." Champagne v. Raybestos-Manhattan Inc., 212 Conn. 509,521, 562 A.2d 1100 (1989). The necessary elements for "actionable harm" are a "breach of duty by the defendant and a casual connection between the defendant's breach of duty and the resulting harm to the plaintiff. . . . " Catz v. Rubenstein,201 Conn. 39, 44, 513 A.2d 98 (1986). "The focus is on the plaintiff's knowledge of facts, rather than on discovery of applicable legal theories." Id., 47. "As [the court] stated inBurns v. Hartford Hospital, [192 Conn. 451, 472 A.2d 1257
(1984)], the statute begins to run when the plaintiff discoverssome form of actionable harm, not the fullest manifestation thereof." (Emphasis in the original.) Lambert v. Stovell, supra,205 Conn. 6. The three year time limit accrues "when the negligent conduct of the defendant occurs and is not the date when the plaintiff first sustains damage." McDonald v. HaynesMedical Laboratory, Inc., 192 Conn. 327, 330, 471 A.2d 646
(1984); Vilcinskas v. Sears Roebuck Co., 144 Conn. 170, 173,127 A.2d 814 (1956) (interpreting General Statutes [1949 Rev.] 8324, predecessor to § 52-584). The Supreme Court has "acknowledged the anomalous possibility that the statutory time limit for bringing suit could expire before any injury was sustained. McDonald v. Haynes Medical Laboratory Inc., supra,192 Conn. 330.
It must next be determined whether an issue of material act exists as to when FCC suffered injury due to Knickerbockers alleged negligence. The second count of FCC's amended complaint alleges common law negligence on the part of Knickerbocker in the overall construction and supervision of the construction of the roof system. Knickerbocker claims in its memorandum of law in support of summary judgment that the alleged acts of negligence occurred on or before April 15, 1987, when the roof was completed. In support of this assertion Knickerbocker submits the certificate for the lower level of the addition given by the Building Department of the town of Wallingford, Connecticut, which lists April 15, 1987, as the date that the addition was suitable for occupancy. FCC states in its memorandum in opposition that it "is willing to stipulate that the Certificate of Occupancy represents the date of substantial completion of the addition." (FCC's Memorandum, p. 1 n. 1.) FCC's "stipulation, indicates there is no question of material fact that the alleged negligent act or omission occurred on or before April 15, 1987. See Howat v. Passaretti, 11 Conn. App. 518, 528 A.2d 834 (1987), where the court held that an informal stipulation made by a CT Page 901 party's attorney was conclusive as a judicial admission. Even if the court is unwilling to accord the "stipulation" any weight, FCC has failed to submit any evidence to refute Knickerbocker's assertion that the certificates represent the dates of completion for the project.
The court must then determine whether FCC commenced the present action prior to the running of the statute of limitations contained in § 52-584. In Connecticut an action is commenced for purposes of the statute of limitations on the date of service of process. Howard v. Robinson, 27 Conn. App. 621, 625,608 A.2d 711 (1992). In the present case, Knickerbocker was served on March 14, 1995; thus, FCC did not commence the action against Knickerbocker two years from the date when the injury is sustained or discovered" and, in any event, the suit was brought more than three years from the date of the act or omission complained of. The second count of FCC's amended complaint is barred by § 52-584, unless the court finds that this section of the General Statutes is unconstitutional as applied to FCC.
The Supreme Court "recognize[s] that a party challenging the constitutionality of a statute must prove its unconstitutionality beyond a reasonable doubt. . . . While the courts may declare a statute to be unconstitutional, [the court's] power to do this should be exercised with caution, and in no doubtful case. . . . Every presumption is to be given in favor of the constitutionality of the statute." (Citations omitted; internal quotations omitted.) Fair Cadillac-Oldsmobile Isuzu Partnershipv. Bailey, 229 Conn. 312, 316, 640 A.2d 101 (1994); see alsoSassone v. Lepore, 226 Conn. 773, 778, 629 A.2d 357 (1993) ("Because a statute carries with it a strong presumption of constitutionality, a challenger must establish its unconstitutionality beyond a reasonable doubt.").
In FCC's memorandum in opposition, it argues that § 52-584
is unconstitutional as applied to it because § 52-584
operates to bar FCC's right to redress in the courts before FCC's claim became actionable. FCC argues that this violates the constitution of Connecticut, article first, § 10. In response Knickerbocker simply asserts that § 52-584 is constitutional.
Article first, § 10 of the constitution of Connecticut provides that: All courts shall remain open, and every person, for an injury done to him and his person, property or reputation, shall have remedy by due course of law, and right and justice CT Page 902 administered without sale, denial or delay." In Gentile v.Altermatt, 169 Conn. 267, 363 A.2d 1 (1975), the court explained that a common law right of action in existence in 1818, the year of the adoption of the constitution of Connecticut, could not be abolished or abrogated by the legislature unless the legislature provided a reasonable alternative to the enforcement of such rights, but where the legislature does make reasonable alternatives it can abrogate the right. Id., 286; see Daily v.New Britain Machine Co., 200 Conn. 562, 585, 512 A.2d 893 (1986) ("[A]rticle first, § 10, recognized all existing rights and removed from the power of the legislature the authority to abolish those rights in their entirety . . . [but] the legislature retains the power to provide reasonable alternatives to the enforcement of such rights. Where such reasonable alternatives are created, the legislature may then restrict or abolish the incorporated common-law or statutory rights.").
In Vilcinskas v. Sears, Roebuck Co., supra, 144 Conn. 170, the court addressed the constitutionality of General Statutes § 8324, predecessor to § 52-584. In dicta, the court observed that, "[t]here is no reason, constitutional or otherwise, which prevents the legislature from enacting a statute, such as § 8324, which starts the limitation on actions for negligence running from the date of the act or omission complained of, even though at that date no person has sustained damage and therefore no cause of action has come into existence. Indeed, such a provision accords with the purposes of a statutes of limitation." (Internal quotation marks omitted.) Id., 174. The court concluded that, "[i]t is consonant with the purpose of protecting defendants against stale claims that the legislature should enact a statute, such as § 8324, which may on occasion bar an action even before the cause of action accrues." Id., 175.
Although the Vilcinskas court opined that § 52-584 was consistent with the constitution of Connecticut the court did not address the precise issue raised in the present case. Sanborn v.Greenwald, 39 Conn. App. 289, 664 A.2d 803, cert. denied,235 Conn. 925, 677 A.2d 949 (1995), a legal malpractice case, is instructive in the present case because in that case the Appellate Court addressed the constitutionality of the three year limitations period contained in § 52-577 where it barred a plaintiff's cause of action before it has accrued.
The plaintiff in Sanborn divorced her husband in 1982. Id., CT Page 903 290. In 1984, she instituted contempt proceedings against her former husband where she was represented by the defendant who drafted a "proposed stipulation to modify the dissolution judgment." Id., 291. In 1990, the former husband brought a contempt proceeding against the plaintiff for failure to fund a trust as required by the dissolution judgment. The court,Jackaway, J., found that the stipulation contained no provision relating to the funding of the trust and ordered the plaintiff to fund it. Id., 292. In 1992, the plaintiff commenced the legal malpractice action against her former attorney alleging that the attorney was negligent in drafting the stipulation. Id. The defendant alleged, by way of special defense, that the action was barred by § 52-577 and subsequently moved for summary judgment on that ground. Id., 292-93. The plaintiff, in opposition to the motion, argued that the statute was unconstitutional under article first, § 10 of the Connecticut constitution. Id., 298.
The court observed that the right to sue an attorney existed at common law and could be "traced back to the English common law action of trespass on the case." Sanborn v. Greenwald, supra,30 Conn. App. 299. The court further observed that, "[a]t the time our constitution was adopted in 1818, however, there was no statute of limitations that restricted this type of action. . . . In May, 1819, a committee was appointed to `examine the statute laws, and to recommend such alterations and provisions as should be necessary and expedient to render the statutes conformable to the constitution' Preface, Connecticut General Statutes, (1821) p. viii. In 1821, the committee reported to the legislature. . . . [Pursuant to the report the legislature enacted] § 4 of title 59, entitled `Limitations. An Act for the Limitation of Civil Actions, and of Criminal Prosecutions,' which provided: `No action of trespass on the case shall be brought but within six years next after the right of action shall accrue. Id., 300. The Sanborn court relied on this language as evidencing the intent of the framers of the constitution in ruling on the constitutionality of the statute. See State v. Joyner, 225 Conn. 450, 462, 625 A.2d 791 (1993) (the court looks to the laws enacted close to the time of the adoption of the constitution of 1818 "to enhance [the court's] understanding of the original intent of the constitutional framers.).
The Sanborn court then went on to hold that § 52-577 was not unconstitutional even though it limited a common law right in CT Page 904 existence in 1818 to sue an attorney for malpractice. Sanborn v.Greenwald, supra, 39 Conn. App. 304-05. "Reasonable restrictions on a cause of action do not amount to a violation of the constitution. . . . Section 52-577 does not, on its face, restrict or abridge this cause of action, but, rather, only establishes the time period in which a plaintiff must assert this right. Therefore, § 52-577 restricts the right only to the extent that it restricts the time for bringing the action. . . . Section 52-577 does not alter the common law cause of action of legal malpractice. It limits its availability but legal redress for the action still exists. Statutes of limitation are generally procedural." Id.
At issue in the present case is the right to bring a cause of action for injury to property arising out of the alleged negligence of Knickerbocker. This type of cause of action existed at common law. See, 2 Swift, System of the Laws of the State of Connecticut, p. 107-08 (1796) (a cause of action for trespass on the case existed where an injury suffered by the plaintiff is caused by the neglect of the defendant). The present case is analogous to Sanborn and the application of § 52-577 to the facts in that case because both cases address the constitutionality of statutes of limitations that bar causes of action before they accrue. In the present case, § 52-584 does not, on its face, abridge or abolish the common law action of negligence. Accordingly, FCC has a right of redress that exists during the time proscribed by § 52-584. "[I]n limiting the time for bringing an action, even though it is possible that on the date of the expiration of the limitation period no injury has yet been sustained, the legislature has not acted unconstitutionally. Sanborn v. Greenwald, supra,39 Conn. App. 306.
As in Sanborn, FCC did not commence its cause of action within the period prescribed by the applicable statute of limitations, and FCC's cause of action is barred. The Supreme Court has held that "[i]t is consonant with the purpose of protecting defendants. against stale claims that the legislature should enact . . . statute[s] . . . which may on occasion bar an action even before it accrues." Vilcinskas v. Sears, Roebuck Co., supra, 144 Conn. 174. See Catz v. Rubenstein, supra,201 Conn. 49 (The court emphasized that "the repose portion of §52-584 . . . bars bringing of suit more than three years after the alleged negligent conduct of a defendant regardless of when a plaintiff discovers the proximate cause of his harm or any other CT Page 905 essential element of a negligence cause of action."). See alsoStein v. Katz, 213 Conn. 282, 285, 567 A.2d 1183 (1989); McDonaldv. Haynes Medical Laboratory, Inc., supra.
In opposition to Knickerbocker's motion, FCC relies chiefly on George v. Soderholm, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 223840 (May 13, 1987, Berdon, J.), in support of its assertion that § 52-584 is unconstitutional. In George v. Soderholm, the plaintiff alleged negligence against the defendant, a subcontractor, who installed a chimney flue for the plaintiff on July 23, 1977. The plaintiff's house caught fire on May 3, 1983, allegedly due to the negligence of the defendant. The plaintiff commenced a negligence action against the defendant on May 1, 1985. The defendant moved for summary judgment contending that § 52-584
barred the action. The court noted that, at the time of the adoption of Connecticut's constitution, "there existed the common law right of action for negligence then known as trespass on the case. 2 Swift, System of the Laws of the State of Connecticut, p. [107-108 (1796)]. Therefore, this cause of action is a constitutionally incorporated common-law right which cannot be abrogated unless a reasonable alternative is provided by the legislature." George v. Soderholm, supra. The court reasoned that, in the George case "no such reasonable alternative remedy has been advanced." Id.
The court, however, refused to grant the defendant's motion' for summary judgment. The court emphasized that "[i]t would appear that section 52-584, as applied to this case, is unconstitutional based upon the arguments presented by the parties. The court, however, is reluctant to rule it is unconstitutional because complete argument has not been advanced. For example, no argument has been advanced as to whether there existed in 1818 a statute of repose for an action based upon trespass on the case, and if so, its effect on this constitutional issue. Nevertheless, the court will not grant the [defendant's] motion for summary judgment." (Emphasis in original.) George v. Soderholm, supra. Similarly, neither party in the present case has advanced complete argument pertaining to whether a statute of repose existed in 1818 for an action of trespass on the case. This court is likewise hesitant to find that § 52-584 is unconstitutional.
Section 52-584 is not unconstitutional as applied to FCC because it does not alter or abridge FCC's cause of action; it CT Page 906 creates a time period in which the negligence action must be brought. This court grants Knickerbocker's motion for summary judgment as to count two, since the court finds that there are no genuine issues of material fact concerning when the action was commenced or the date of the wrongful conduct. See Schuster v.Buckley, 5 Conn. App. 473, 478, 500 A.2d 240 (1985) (on a motion for summary judgment based on a statute of limitations a trial court only considers the date of the wrongful conduct alleged in the complaint and the date of the commencement of the action).
For the reasons given above Knickerbocker's motion for summary judgment is granted.
Howard F. Zoarski, Judge