[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff claims damages for injuries she claims to have suffered on June 19, 1995 as the result of a fall she took in a house owned by the defendant. The defendant moves for summary judgment to enter in its favor on the grounds that the action is barred by the applicable statute of limitations, General Statutes § 52-584.
In her two count complaint, the plaintiff alleges that she was on the defendant's property as a tenant and fell when the basement stairs collapsed under her. In one count she claims that the defendant was negligent under the common law and in the second count she claims that the defendant was negligent per se by failing to comply with General Statutes § 47a-7. The defendant filed an answer with special defenses as well as a counterclaim. The special defense pertinent to this motion alleges that the complaint is time barred under General Statutes § 52-584. The plaintiff denied the allegations of the special defenses.
Summary judgment must be granted if the pleadings, affidavits, and other documentary proof show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. P.B. § 17-49;Suarez v. Dickmont Plastics Corp. , 229 Conn. 99, 105 (1994); CT Page 6310Telesco v. Telesco, 187 Conn. 715 (1982); Yanow v. TealIndustries, Inc., 178 Conn. 262 (1979). A "material" fact is one which will make a difference in the outcome of the case. Hammerv. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578 (1990). In ruling upon a summary judgment motion, the court merely determines whether an issue of fact exists, but does not try the issue if it does exist. Michaud v. Gurney, 168 Conn. 431 (1975).
The purpose of summary judgment is to eliminate the delay and expense accompanying a trial where there is no real issue to be tried. Dowling v. Kielak, 169 Conn. 14(1970); Dorazio v. M.B.Foster Electronic Co., 157 Conn. 226 (1968). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party."Connecticut Bank Trust Co. v. Carriage Lane Associates,219 Conn. 772, 780-781 (1980).
The facts, necessary to decide this motion are not in dispute and are found in the court file. The complaint alleges that the incident occurred on June 19, 1995. The plaintiff resides in Lakeville, Connecticut, and the defendant corporation has its principal place of business in the state of Florida. On May 6, 1997, the clerk of the court signed a first order of notice to notify the defendant of the institution of the action and of the hearing for a prejudgment remedy by "some proper officer depositing a true and attested copy of the Notice of Hearing for Prejudgment Remedy, Writ, Summons and Complaint . . ." in a post office by certified mail, return receipt requested on or before May 16, 1997. On May 7, 1997, a deputy sheriff of Litchfield County mailed by certified mail return receipt requested the aforementioned papers pursuant to the order of notice to Delavan Smith, Agent for service for Hickock Realty Corp., Route 1, Box 744-50, Moore Haven, Florida 33471 On May 16, 1997, the deputy sheriff attested to a amended return affixing the return receipt directed to Delavan Smith and signed by Sharon Cogad Smith. On May 23, 1997, the court entered a subsequent order of notice to order further notice to the defendant "by some proper officer causing and true and attested copy of ". . . the notice and application for prejudgment remedy, writ, summons, complaint, affidavit and order" to be mailed certified, return receipt requested to William Coons, president and Thomas Coons, secretary at the principal place of business of the defendant at 5362 Compass Cove Place, Fort Pierce, Florida. On June 7, 1997, a deputy sheriff of Litchfield County mailed the papers pursuant to the subsequent order to the two officers of the defendant by CT Page 6311 certified mail return receipt requested. On June 23, 1997, the deputy sheriff attested to an amended return affixing two return receipts directed to William Coons and Thomas Coons, respectively, and signed. On July 14, 1997, the defendant appeared through counsel.
On August 28, 1997, an evidentiary hearing was held on the plaintiff's application for a prejudgment remedy. Briefs were submitted by both parties. On January 26, 1998, the court entered an order of attachment in the amount of $55,728.35. On February 7, 1998, a deputy sheriff of Litchfield County mailed certified mail, return receipt requested a true and attested copy of, inter alia, the order for prejudgment remedy and the writ summons and complaint was served on the president and secretary of the defendant corporation by certified mail, return receipt requested. By amended return, the deputy sheriff attested to the receipt of the signed return receipts directed to the defendant's officers. In the earlier services to the defendant, the complaint was unsigned and the return date crossed out. In the February service, the complaint was signed and contained a return date of March 10, 1998.
The issue raised in this dispositive motion is whether the statute of limitations bars this action because the signed writ, summons and complaint was not served within the requisite period. Since the incident occurred on June 19, 1995, and the applicable statute of limitations provides a two year period[1], the statute ran on June 19, 1997. As noted previously, it is not disputed that the signed complaint was served on February 10 and 11, 1998.
The plaintiff responds that because she served her prejudgment remedy application through orders of notice within the requisite two year period, the motion must be denied. As noted previously, these papers were served on May 7, 1997 and June 7, 1997. While she concedes that the complaint attached to those papers was unsigned and contained no return date, she characterizes these omissions as correctable defects and notes that the timely orders of notice indicate "the institution of this action." Thus, she argues, the defendant was notified in a timely manner of the institution of the action and the curable defects should not bar the action. She argues in the alternative that the service of the prejudgment remedy papers tolled the statute of limitations. CT Page 6312
Turning to the issue of whether the action was in fact commenced in a timely maimer, the court looks at both statutory and case law. An action is commenced on the date the writ is served upon the defendant. Hillman v. Greenwich, 217 Conn. 520,527 (1991); see also General Statutes § 52-45a.[2] The defendant relies on Howard v. Robinson, 27 Conn. App. 621 (1992) for its position that the action was not commenced in a timely manner. In that decision, the Appellate Court affirmed the summary judgment entered because the statute of limitations barred the action. The plaintiff there unsuccessfully argued that the service of prejudgment remedy application provided notice to satisfy the statute of limitations. In its holding, the court stated in language applicable to this case,
 In the present case, the writ accompanying the prejudgment remedy documents did not specify a return date by which the defendant would have to file an appearance. This is a necessary component of a writ by which a civil action is commenced. General Statutes 52-45a. Although the documents served on the defendant were sufficient to give notice of a prejudgment remedy hearing, they were insufficient to serve as the basis for a petition for new trial. Contrary to the plaintiffs assertions, the prejudgment remedy documents are not the equivalent of the writ necessary pursuant to General Statutes 52-45a, and does not satisfy the requirements of General Statutes 52-582. Further, the language of General Statutes 278c (b) that the plaintiff is "about to commence an action" plainly indicates that the application for prejudgment remedy, together with the documents that accompany it, do not commence an action.
 Howard v. Robertson, supra, 27 Conn. App. 626-27.
While there is no question that the defendant was provided notice of the plaintiff's claims in a timely manner, the giving of notice is not the same as commencing an action. See State v.Anonymous, 37 Conn. App. 62, 68 (1995). Under Howard v. Robinson
and the applicable statute, the court finds that the plaintiff did not commence her action until February 10, 1998, when she first served the signed complaint with a return date on the defendant.
On the issue of the tolling of the statute of limitations, the defendant did not address this issue in any reply memorandum. The only authority provided by the plaintiff for its argument of CT Page 6313 tolling is the case Grimes v. Housing Authority of the City ofNew Haven, 242 Conn. 236 (1997) where the court adopted the federal rule which provides for the tolling of the statute of limitations as to all asserted members of the class when a class action is commenced. The court's reasoning included the following:
 If the statute of limitations is not tolled by the filing of the class action, "class members would not be able to rely on the existence of the suit to protect their rights. . . . A putative class member who fears that class certification may be denied would have every incentive to file a separate action prior to the expiration of his own period of limitations. The result would be a needless multiplicity of actions — precisely the situation that [rule 23 of the Federal Rules of Civil Procedure] and the tolling rule of [American Pipe Construction Co.] were designed to avoid." Crown. Cork Seal Co. v. Parker, 462 U.S. 345, 350-51, 103 S.Ct. 2392, 76 L.Ed.2d 628 (1983). Potential class members should not be induced to "file protective motions to intervene or to join [a class action] in the event that a class was later found unsuitable." American Pipe Construction Co. v. Utah, supra, 414 U.S. 553.
Id., 243. The above reasoning is specific to class actions and does not apply to this action. Here, in this fall down action, there was nothing other than convenience, to prevent the plaintiff from serving her writ summons and complaint in a timely manner. See General Statutes § 52-278h. The prejudgment remedy application does not require that the complaint remain unserved or unified until the application is decided. Cf.Perzanowski v. New Britain, 183 Conn. 504, 506 ("So long as the pendency of the prior action does not prevent enforcement of the remedy sought in the later action, the pendency of the first action will not toll the statute of limitations for the second action"). The timely service of the writ summons and complaint would not result in "needless multiplicity of actions," but simply an additional service on the defendant. While it is true that the defendant had timely notice of the proposed complaint, tolling a statute of limitations generally relates either to disabilities of the plaintiff or to the position or conduct of the defendant. No authority to support the plaintiff's claim of tolling by an application for a prejudgment remedy has been cited or found. See Valeri v. Quijano, Superior Court, judicial CT Page 6314 district of Hartford/New Britain at Hartford, No. 70 09 42 (Mar. 12, 1996)(Wagner, J.).
Because the plaintiff failed to bring suit within the period of applicable limitations this action is barred. Gabrielle v.Hospital of St. Raphael, 33 Conn. App. 378, 385 (1994). Accordingly, the motion for summary judgment is granted.
DiPentima, J.