[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum
On February 16, 1999, the plaintiff, Yankee Oil, Inc., filed a prejudgment remedy application pursuant to General Statutes § 52-278a
et seq. against the defendant, Donald P. Carignan. As required by §52-278c, attached to the plaintiffs application was the proposed unsigned writ, summons and complaint, an affidavit and notice of rights. The defendant was duly served with the application, a copy of the writ, summons and complaint, the affidavit and the order and notice of hearing scheduled for March 8, 1999. On March 8, 1999, the court, Stengel, J., rescheduled the hearing for March 22, 1999.
On March 22, 1999, both parties and their counsel appeared before the court, Stengel J., to go forward with the hearing on the prejudgment remedy. After the call of the docket but before the hearing commenced, the parties entered into lengthy settlement negotiations. With all parties and their counsel present, the terms of the settlement were reported to the court and entered on the record.
In the ensuing months, drafts of the necessary documents, releases and deeds to effectuate the settlement were exchanged between the parties. During this time frame, the plaintiff refrained from further pursuing the prejudgment remedy and its action against the defendant. As a result, the writ, summons and complaint were neither served upon the defendant nor returned to court.
Meanwhile, the defendant, at some point during this time, decided to retain new counsel. On July 21, 1999, Attorney John T. Asselin entered an appearance in lieu of the appearance of the defendant's previous counsel, Attorney Richard Simonson. CT Page 14367-j
On July 23, 1999, the plaintiff forwarded, in accordance with the settlement agreement, signed agreements, releases, quitclaim deeds and a check for $20,000 to the defendant's new counsel, Attorney Asselin. Three days later, on July 26, 1999, Attorney Asselin returned the executed documents and the check in repudiation of the settlement agreement. The plaintiff and James Boisvert, the president of Yankee Oil, Inc., thereafter filed a joint motion on August 9, 1999, to enforce the settlement agreement.
The defendant moves to dismiss the joint motion to enforce the settlement agreement on the grounds of insufficiency of service of process and lack of personal and subject matter jurisdiction. The defendant argues that, although the joint motion was filed with the caption, case name and docket number of the prejudgment remedy application, the life span of that application has long since expired. Moreover, it is undisputed that the proposed unsigned writ, summons and complaint attached to the application were neither served upon the defendant nor returned to court. Thus, the defendant argues, there is no action presently before the court, the context within which the court has subject matter and personal jurisdiction to summarily enforce the settlement agreement.
"`Agreements that end lawsuits are contracts, sometimes enforceable in a subsequent suit, but in many situations enforceable by entry of a judgment in the original suit. A court's authority to enforce a settlement by entry of judgment in the underlying action is especially clear where the settlement is reported to the court during the course of a trial or other significant courtroom proceedings.' Janus Films, Inc. v.Miller, 801 F.2d 578, 583 (2d Cir. 1986)." Audubon Parking AssociatesLtd. Partnership v. Barclay Stubbs, Inc., 225 Conn. 804, 811,626 A.2d 729 (1993). In Audubon Parking Associates Ltd. Partnership v.Barclay Stubbs, Inc., supra, the Supreme Court approved for the first time the procedure whereby "a trial court may summarily enforce a settlement agreement within the framework of the original lawsuit as a matter of law when the parties do not dispute the terms of the agreement."Id., 812.
The court concludes that there is not now nor was there ever an "original lawsuit" pending before this court within the framework of which the court may exercise its inherent authority to summarily enforce a settlement agreement upon motion of a party. A prejudgment remedy application is a creature of statute and, according to the statutory language itself, is not the equivalent of the commencement of a lawsuit. See General Statutes § 52-278c(b) (applicant represents "[t]hat [he CT Page 14367-k or she] is about to commence an action" against the defendant); see alsoHoward v. Robertson, 27 Conn. App. 621, 627, 608 A.2d 711 (1992) ("application for prejudgment remedy, together with documents that accompany it, do not commence an action"); Young v. Mukon, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 538420, 13 CONN.L.RPTR. 8 (November 14, 1994) (Hennessey, J.) (same). Since the defendant was never served with the proposed writ, summons and complaint nor was such returned to court, no action ever came into being. See Hillman v. Greenwich, 217 Conn. 520, 527, 587 A.2d 99 (1991). Thus, the parties and the court lack a framework within which to entertain a motion to enforce the settlement agreement.
In fact, not even the prejudgment remedy application remains pending before the court. Section § 52-278j(b) provides in relevant part that "if a date for a hearing upon a prejudgment remedy is scheduled by the clerk and such hearing is not commenced within thirty days thereof, the court shall order the application to be considered as having been withdrawn." It is undisputed by the parties that a hearing upon the prejudgment remedy was never held as scheduled on March 22, 1999. More than thirty days have passed since that date. Thus, the court considers the application as having been withdrawn.
The court therefore concludes that without the framework of a properly commenced action, it lacks jurisdiction to entertain the joint motion to enforce the settlement agreement. The defendant's motion to dismiss the joint motion is therefore granted.[1] In addition, because a hearing upon the plaintiffs application for a prejudgment remedy was not commenced within thirty days of its scheduled date of March 22, 1999, the defendant's motion to compel withdrawal of the application is granted, and the application is hereby ordered withdrawn.
ZARELLA, J.