[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE
Defendants move to strike this breach of contract action commenced on August 3, 1999, brought under the Accidental Failure of Suit Statute, on the ground that there was no original "action" within the meaning of General Statutes § 52-592.
Plaintiffs claim there was a previous action (No. CV 90 070519), commenced by the present defendant against the present plaintiff in which the present plaintiffs filed a counterclaim, obtained judgement thereon, which judgment was vacated and the case dismissed. Defendants claim that this case was only an application for a prejudgment remedy, that no complaint was ever CT Page 2265 served, and therefore there was no action instituted.
All these claims, as well as the claim of defendants that plaintiff in the prior action enclosed a signed copy of the prior complaint with the PJR application served on the then defendant were considered in a full hearing before Judge Berger, who thereafter filed a memorandum of decision on February 17, 1999 which dismissed the matter, finding that "The initial PJR proceeding was never completed and the complaint was never served or returned to the Court; consequently, all subsequent actions were void."
Since the court files conclusively show that no valid prior action was filed in this court, this complaint brought under General Statutes § 52-592 is insufficient, because that statute requires a previous "action" at least served or returned to court. Hillman v. Town of Greenwich, 217 Conn. 520 (1991);Howard v. Robertson, 27 Conn. App. 621, 627 (1992). Young v.Mukon, 1944 WL 668955 Conn. Super. (Nov. 14, 1994, Hennessey, J.).
It is unnecessary to consider the second ground of the motion to strike i.e. that the present action is barred by the statute of limitations.
Motion to Strike granted.
Jerry Wagner Judge Trial Referee