[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In its revised amended complaint, the plaintiff; National Loan Investors, L.P., alleges damages for a note in default and seeks a foreclosure of a mortgage on a parcel known as 292 a/k/a 290 Wilton Road, Westport, Connecticut.[1] The defendants, Virginia P. Nistico, Frank J. Nistico, III and Thomas W. Nistico (the Nisticos) move for summary judgment on the ground that the statute of limitations bars the plaintiff's action.
Summary judgment "sought shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49. "Summary judgment may be granted where the claim is barred by the statute of limitations." Doty v.Mucci, 238 Conn. 800, 806, 679 A.2d 945 (1996). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Rivera v.Double A Transportation, Inc., 248 Conn. 21, 24, 727 A.2d 204
(1999).
The Financial Institutions Reform, Recovery, and Enforcement Act (FIRREA), 12 U.S.C. § 1821 (d) (14), sets forth the applicable statute of limitations for this action.[2] The plaintiff as an assignee of the note from the Federal Deposit Insurance Corporation (FDIC) receives the benefit of the extended statute of limitations in FIRREA. See National Loan InvestorsLtd. Partnership v. Heritage Square Associates, 54 Conn. App. 67,76, 733 A.2d 876 (1999) (holding assignee of the FDIC "is vested with all of the FDIC's rights, remedies and benefits that are incidental to the note including the benefit of the extended limitations period.") The statute of limitation on the action CT Page 3089 commenced February 1, 1991 when the FDIC became a receiver for The Merchants Bank and Trust Company (Merchants Bank).[3] See12 U.S.C. § 1821 (d) (14). The plaintiff, however, commenced its action on January 19, 1999, when the sheriff served the Nisticos, more than six years after February 1, 1991. See Howardv. Robertson, 27 Conn. App. 621, 625, 608 A.2d 711 (1992) ("It is well settled that an action is brought on the date on which the writ is served on a defendant.") As a result, the plaintiff has failed to commence its action within the statute of limitations.
The Nisticos did not waive their statute of limitations defense by an unequivocal acknowledgment of the debt. "The defense [of statute of limitations] can be lost by an unequivocal acknowledgment of the debt, such as a new promise, an unqualified recognition of the debt, or a payment on account." (Internal quotation marks omitted.) Zapolsky v. Sacks, 191 Conn. 194, 198,464 A.2d 30 (1983). Here, the Nisticos made no payments on the note after Merchants Bank's demand for payment on September 21, 1990. Moreover, the letters from the Nisticos' counsel merely acknowledge "the existence of a claim, but neither indicates, nor [were they] intended to indicate, that the claim was a valid debt which [the Nisticos were] obligated to pay." McMillan Rabinowv. Eagle Hill Corp. , Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 320361 (October 20, 1997,Stevens, J.). Finally, the listing of the plaintiff's claim in a bankruptcy proceeding fails to qualify as an unequivocal acknowledgment of the debt.[4] Accordingly, the court grants the Nisticos' motion for summary judgment.
So ordered.
HICKEY, J.