[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
(RE: MOTION TO DISMISS)
Several of the defendants in the case have filed Motions to Dismiss this matter on the general grounds of insufficiency of service of process.
The Motions to Dismiss are denied for the following reasons.
The plaintiff filed a request for a hearing for a pre-judgment remedy seeking to attach a particular piece of property in the town of Colchester. In capsule form, the plaintiff claims that the Koenigs, or various corporations owned by them, transferred assets including the real estate he seeks to attach in an effort payment of a confirmed arbitrator's award in his favor.
The Court ordered that a hearing be held on the application for the prejudgment remedy on January 2, 2001 and further ordered that notice be given to the defendants in accordance with Connecticut General Statutes 52-278 (e).
A request for a hearing on a prejudgment remedy is not the equivalent of commencing an action, but is rather a preliminary proceeding which takes place prior to the commencement of an action. Howard v. Robertson,27 Conn. App. 621, 625 (1992). The purpose of such a hearing is to assert in rem jurisdiction over property located within the State of Connecticut. The issue of constructive service designed to give in personam jurisdiction is to be distinguished from the issue of giving notice of the assertion of in rem jurisdiction over property within the state.
At this stage since no action has commenced there is no action to be dismissed.
Accordingly, the Motions to Dismiss are denied. The sufficiency of CT Page 3659 notice is a matter of defense at any hearing on the application for a prejudgment remedy.
Klaczak, J.