[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS (#119)
The defendants' move to dismiss the complaint on the ground that the court lacks subject matter jurisdiction.
This is an action on a promissory note. On October 1, 1998, the plaintiffs, Fitchville Recycling Corporation and Emes Recycling Corporation, filed an ex parte prejudgment remedy application under General Statutes § 52-278e (b), seeking to attach various properties owned by the various defendants, United Paper Corporation, Connecticut Recycling Corporation, both Connecticut corporations with a principal place of business in Manchester, Connecticut, Botticello Brothers Realty, a Connecticut partnership with a principal place of business in Manchester, Connecticut, Michael Botticello, Dennis Botticello, Robert Botticello and Richard Botticello, all residents of Connecticut. Attached to the prejudgment remedy application, the plaintiffs included a signed summons and a signed complaint. The summons identifies the above parties and specifies a return date of November 10, 1998. The sheriff's return of service is dated October 13, 1998, and in it he specifies that he delivered the documents to the defendants on October 10, 1998.
The defendants now move to dismiss, claiming that the court lacks subject matter jurisdiction because the plaintiffs never commenced an action, but instead merely filed an application for a prejudgment remedy, attaching an unsigned summons and complaint. The plaintiffs have CT Page 5860 timely filed a memorandum in opposition to the motion to dismiss. In addition, both parties have filed supplemental memoranda in support of their arguments.
"A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622,624, 461 A.2d 991 (1983). A motion to dismiss "shall be used to assert (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, and (5) insufficiency of service of process." Practice Book § 10-31. "[A] claim that [the] court lacks subject matter jurisdiction [may be raised] at any time." (Internal quotation marks omitted.) Dowling v. Slotnick, 244 Conn. 781, 787, 712 A.2d 396 (1998). "[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case." (Internal quotation marks omitted.) Community Collaborative ofBridgeport, Inc. v. Ganim, 241 Conn. 546, 552, 698 A.2d 245 (1997). "In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." Pamela B. v. Ment, 244 Conn. 296,308, 709 A.2d 1089 (1998).
 I PERSONAL JURISDICTION
Because the plaintiffs correctly argue that the initial documents served on the defendants included a signed summons and a signed complaint, any defects in the service of the summons and complaint implicates the court's personal jurisdiction, not the court's subject matter jurisdiction.[1] Middlesex Mutual Assurance Co. v. Clinton,38 Conn. App. 555, 565, 662 A.2d 1319 (1995); see also Stewart-Brownsteinv. Casey, 53 Conn. App. 84, 89, 728 A.2d 1130 (1999) (claim of improperly executed writ in that it was unsigned implicates personal jurisdiction, not subject matter jurisdiction, and as such may be waived). "Any defendant, wishing to contest the court's jurisdiction, may do so even after having entered a general appearance, but must do so by filing a motion to dismiss within thirty days of the filing of an appearance." Practice Book § 10-30. "Any claim of lack of jurisdiction over the person . . . is waived if not raised by a motion to dismiss filed . . . within the time provided by Sec. 10-30." Practice Book § 10-32. Since the defendants filed their appearance in this case more than two years ago, they have long since waived personal jurisdiction and may not now contest the jurisdiction of this court through a motion to dismiss. CT Page 5861
 II GENERAL STATUTES § 52-45a
Further, even if the defendants had not already waived personal jurisdiction, they would still not prevail because the plaintiffs' service upon the defendants satisfies the requirements of General Statutes § 52-45a, even though the plaintiffs served the summons and complaint at the same time as the prejudgment remedy application. It is well settled that the inclusion of an unsigned writ, summons and complaint with a prejudgment remedy application is not sufficient to commence a civil action. See, e.g., Raynor v. Hickock Realty Corp.,61 Conn. App. 234, 236, 763 A.2d 54 (2000); Howard v. Robertson,27 Conn. App. 621, 626, 608 A.2d 711 (1992); Efthimiou v. Smith, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 367639 (January 27, 2000, Skolnick, J.). In this case, however, despite the defendants' claim that the plaintiffs served an unsigned summons and complaint, the plaintiffs included a signed summons and a signed
complaint with the prejudgment remedy application documents. In Howardv. Robertson, supra, 27 Conn. App. 621, a case factually similar to this one, the Appellate Court, in order to determine whether the plaintiff had commenced a civil action by including a signed summons and complaint with her prejudgment remedy application, examined whether the plaintiff had satisfied the requirements of General Statutes § 52-45a. Id., 626. InHoward, though the plaintiff had attached to her prejudgment remedy application a signed summons and complaint, the writ did not specify a return date. Id. The Appellate Court held that because § 52-45a
requires the plaintiff to specify a return date, the documents served on the defendant were insufficient to commence a civil action. Id. Implicit in the court's reasoning was that if the plaintiff had specified a return date, the service upon the defendant of the signed summons and complaint would have commenced a civil action, despite their inclusion with the prejudgment remedy application.
This court, then, should look to § 52-45a to determine whether the documents served on the defendants by the plaintiffs in this case are sufficient to commence a civil action. Section 52-45a provides, in part, that "[c]ivil actions shall be commenced by legal process consisting of a writ of summons or attachment, describing the parties, the court to which it is returnable, the return day and the date and place for the filing of an appearance. The writ shall be accompanied by the plaintiff's complaint." In this case, the plaintiffs included a signed summons and a signed complaint. The signed summons identifies the parties and specifies a return date of November 10, 1998. Further, it identifies the court to which it is returnable as the judicial district courthouse at 95 CT Page 5862 Washington Street, Hartford, and states that an appearance must be filed at the same court before the second day after the return date. This clearly satisfies all the requirements of § 52-45a. Therefore, the plaintiff commenced a civil action by serving the signed summons and complaint on the defendant, despite the inclusion of those documents with the prejudgment remedy application.
For the foregoing reasons, this court concludes that it has jurisdiction over the action. The defendants' motion to dismiss is denied.
Hennessey, J.